# Stage et al. *v.* Hamilton, Appellant.

*Practice, C. P.—Statement of claim—Affidavit of defense—Undenied averments—Offer of whole record—Burden of proof—Evidence.*

1. The proper method for bringing, upon the record of a trial, the undenied averments of a statement of claim, is to separately offer each of them in evidence.

2. Where, however, by agreement or without objection, the entire pleadings are offered for the purpose of ascertaining what is admitted by them to be due, an appellate court will consider the record as the parties have made it.

3. Where, in such case, the affidavit of defense, in addition to admitting certain averments of the statement, also avers facts from

348        STAGE et al. *v.* HAMILTON, Appellant.

which, if proved, an additional sum of money could be defalked against plaintiff's claim, the burden of proof is on defendant to establish these facts, and upon his failing so to do, judgment is properly entered on the admitted averments of the statement of claim.

*Interest—Mutual accounts—Settlement.*

4. Interest is not chargeable on either side of a mutual account, until there has been or should have been a settlement between the parties.

Submitted September 29, 1922. Appeal, No. 11, Oct. T., 1922, by defendant, from judgment of C. P. Mercer Co., Oct. T., 1919, No. 135, on verdict for plaintiffs, in case of George S. Stage et al., executors of G. G. Stage, deceased, v. John C. Hamilton, executor of Harry Hamilton, deceased. Before MOSCHZISKER, C. J., FRAZER, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for breach of contract. Before MC-LAUGHRY, P. J.

The opinion of the Supreme Court states the facts.

Verdict by direction for plaintiff for $3,079.48 and judgment thereon. Defendant appealed.

*Error assigned,* inter alia, was direction of verdict for plaintiff, quoting record.

*M. L. McBride* and *Templeton, Whiteman & Rowley, Greers,* for appellant.—Binding instructions were improper: Erb v. Erb, 50 Pa. 388; McKeesport Boro. v. Wood, 160 Pa. 113; Bank of Pittsburgh v. Whitehead, 10 Watts 397; Schrimpton v. Bertolet, 155 Pa. 638.

If plaintiff offers an affidavit of defense generally without disproving or offering to disprove any of its averments, he is bound by it: McCord v. Durant, 134 Pa. 184; Yearsley's App., 48 Pa. 531; Hastings v. Speer & Co., 15 Pa. Superior Ct. 115; Howard Express Co. v. Wile, 64 Pa. 201.

*W. C. Pettit,* for appellee, cited: Neely v. Bair, 144 Pa. 250; Mellon Nat. Bank v. Bank, 226 Pa. 261.

OPINION BY MR. JUSTICE SIMPSON, January 3, 1923:

At the trial, plaintiffs offered, and there was received in evidence, without objection, all the pleadings in the case "for the purpose of ascertaining what is admitted by" them. No other evidence was produced by either party, and thereupon the court below, at the request of plaintiffs, gave binding instructions in their favor for the amount claimed, less an additional credit set forth in the affidavit of defense. Judgment was entered on the verdict rendered in accordance with this direction, and defendant appeals.

It would have been wiser if plaintiffs had separately offered each undenied averment of the statement of claim, which we pointed out in Buehler v. United States Fashion Plate Co., 269 Pa. 428, was the proper practice; but, as the course pursued met the approval of the parties, we must consider the record as they have made it, and therefore turn to the pleadings to see whether or not the instructed verdict was correct.

In their statement of claim, plaintiffs averred their decedent was the owner of a coal mine and entered into a contract with defendant to operate it for a compensation of $100 per month and one quarter of the profits, if any; there were no profits; a settlement had been made between the parties, a detailed account of defendant's receipts and disbursements being set forth; and hence claimed to recover the balance thus ascertained to be due.

In his affidavit of defense and counterclaim, defendant admitted the making of the contract, but alleged he was to receive one-third instead of one-fourth of the net profits. He claimed a small additional credit; admitted that the account of receipts and disbursements was correct in all other respects, but denied a settlement had been made; averred profits had accrued, of which he claimed one-third; and therefore asked a verdict in his

favor for the balance thus ascertained to be due. He did not challenge the right to recover in assumpsit, either in the pleadings or any time thereafter. Plaintiffs, in their reply, denied the additional averments of the counterclaim.

There being no proof that the parties had agreed to the settlement averred in the statement, the proceeding became one for an accounting, which ordinarily would have been by a suit in equity or in account render. If it had been thus brought, and this defense set up, it would have resulted in an interlocutory decree or judgment for an accounting, and, upon the coming in of the account, plaintiffs could have objected to the items purporting to show additional credits by reason of the alleged profits of the business, and the burden would then have been upon defendant to establish their validity. That the action was brought and prosecuted in assumpsit, without objection on the part of defendant, cannot operate to shift this burden of proof.

So, also, if, at the trial, witnesses had testified to the contract and to the items of the account as set forth in the statement of claim, and plaintiffs had then rested, the court would have been bound to instruct a verdict in their favor, just as was done, unless defendant produced evidence to show that profits had been earned, of what they consisted, and his proportion thereof. This results not only from the fact that the defense is an affirmative one, but perhaps also because the items of the account were peculiarly within the knowledge of defendant. That the facts were established by offering the pleadings for the purpose of showing the admissions therein, did not change the burden of proof regarding the disputed items. It follows that the instructed verdict was correct.

Some slight contention is made that interest should have been allowed defendant on the small additional credit for coal purchased by him during the operation of the mine. Whether or not this question was raised in the

court below does not appear; but in any event the evidence discloses no reason for departing from the general rule that in mutual accounts interest is not chargeable until there has been or should have been a settlement between the parties: Goodwill v. Heim, 212 Pa. 595, 597.

The judgment of the court below is affirmed.