# Guthrie v. Baton, Appellant.

*Contract—Doubtful contract—Sale—Coal lands—Interest.*

1. When the determination of the cost of a coal field is necessary to fix the price under a contract of sale, and the contract is silent on the question whether interest upon moneys expended in the purchase of the coal field is to be allowed in determining the cost, the court is not at liberty to order such interest to be allowed.

*Vendor and vendee—Purchase money—Contract—Payment.*

2. Where a vendee of land agrees to pay the vendor a certain sum of money at the execution of the agreement and in addition thereto to pay a portion of a mortgage debt charged upon the land, and also upon final settlement a difference between the cost of the land and the part of the mortgage debt assumed, a finding by the court below from certain facts established upon sufficient evidence, and also from the construction of the agreement, that the sum paid at the execution of the agreement was a part of the purchase money, and not merely a bonus to obtain the contract, will not be set aside in the absence of manifest error.

Submitted Nov. 4, 1909. Appeal, No. 214, Oct. T., 1909, by defendant, from decree of C. P. No. 4, Allegheny Co., First Term, 1908, No. 383, sustaining exceptions to an account in case of W. A. Guthrie, W. B. Schofield, H. C. Booz, D. P. Pugh and W. K. McFarlin v. George S. Baton. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to an account.

The proceeding in the court below was the statement of an

account incidental to a decree for specific performance regard-ing the sale of coal and requiring an accounting. Before SWEARINGEN, P. J.

The facts appear in the opinion of the Supreme Court and in the previous report of this case in 223 Pa. 401.

The court filed the following opinion:

The plaintiffs have filed exceptions to the account stated by George S. Baton, the defendant. These came on to be heard and were argued by counsel.

The first exception is that the accountant has not given plaintiffs credit for $5,000, which was paid upon the execution of the agreement of April 12, 1904. At and prior to the mak-ing of said contract, George S. Baton was the owner of the one-fourth interest in a coal field, the legal title to which was in J. W. Dawson. This field had been purchased in a number of separate pieces, not all at the same time. Part of these pur-chase moneys had been paid in cash and the balance had been secured by mortgages. Mr. Baton had paid his one-fourth of the cash payments and he was liable for one-fourth of the said mortgages. At the time the contract of April 12, 1904, which is attached to the bill of complaint, was made, Mr. Baton was in arrears $3,985.64, upon his share of said mortgages, which sum had theretofore been paid by J. W. Dawson, and Mr. Baton was also apparently liable on a note for $4,000. It was first stipulated that these plaintiffs should pay to said Dawson the sum of $4,000 at once and also $1,000 on May 8, 1904, with which to pay one-fourth of said note, "which shall be in full payment of the balance due by said George S. Baton upon the mortgages heretofore paid by said J. W. Dawson, Trustee."

The plaintiffs also undertook to pay Mr. Baton's share in said mortgages, "as said mortgages shall fall due." This can only mean the installments of said mortgages, which fell due after the date of the contract.

It is then agreed that, if said payments shall continue until Mr. Baton's interest (meaning his share) in all of said mort-gages shall have been paid, and if, upon August 26, 1905, the exceptants shall have paid the share of Mr. Baton in said

mortgages, then they should have the right to pay Mr. Baton the difference between one-eighth of the entire cost of said coal field and the amount of his interest in said mortgages, and thereupon he was to convey to the exceptants the undivided one-eighth of said coal field.

The exceptants contend that, under the foregoing agreement, they were to pay the entire share of said mortgages, for which Mr. Baton was liable, and that the $5,000, which they paid at the execution of the agreement, was on account of said undertaking.

The accountant's position, as we understand it, is that the $5,000 had nothing whatever to do with the payment of his share of said mortgages, and that exceptants are obliged to pay the entire share of said mortgages, for which Mr. Baton was liable, as if the said payment of $5,000 had never been made. We cannot agree with the accountant. The subject, about which the parties undertook to contract, was Mr. Baton's share of these mortgages, both what had become due and what was thereafter to fall due. What had already fallen due had been paid by one of his associates, but Mr. Baton was still liable therefor, not to the mortgagees, but to Mr. Dawson and upon the note. There is nothing in the agreement, from which it could be inferred that the exceptants were paying a bonus of $5,000, in order to obtain the contract.

The first exception is sustained.

The second exception relates to the meaning of the term "entire cost of said coal field." As we understand the statement of account, there has been added to the original purchase money and the other outlays interest thereon to August 26, 1905; and likewise interest has been credited on the payment of the exceptants.

We do not think that the term "entire cost of said coal field" will bear the construction which the accountant has put upon it. Interest is not recoverable, except by way of contract or by way of damages for breach of contract. There is nothing in this contract which indicates what interest was to be charged upon the purchase money and other outlays, in order to ascertain the cost of the field, or what interest was to be

credited upon payments. There was no breach of the contract, which would entitle any party to interest by way of damages.

The second exception is also sustained.

*Errors assigned* were in sustaining exceptions to the account as follows:

1. The accountant does not give credit to the plaintiffs in his statement for the sum of $5,000 paid in cash at the time the agreement of April 12, 1904, was entered into.

2. The accountant charges interest on the entire consideration mentioned in the respective deeds for the property, which interest is not a part of the cost of the field under the agreement between the parties, nor included in the decree of the court.

*John S. Ferguson, Geo. M. Hosack* and *M. J. Hosack,* for appellant.

*Patterson, Sterrett & Acheson,* for appellees.

OPINION BY MR. JUSTICE ELKIN, March 7, 1910:

When this case was here before the decree for specific performance entered by the court below was affirmed: Guthrie v. Baton, 223 Pa. 401. The record was then remitted for an accounting by defendant in order to ascertain the cost of the coal lands in question, the amount already paid thereon by plaintiffs, the balances remaining unpaid on the mortgages, the proportions to be paid by plaintiffs on account of the mortgages, and the balance, if any, due defendant under the terms of the contract, the specific performance of which had been decreed. This has all been done and the case is before us again on an appeal touching questions raised in the accounting. The first question brought to our consideration is whether the appellees are entitled to a credit of the $5,000 paid at the time of the execution of the agreement in the settlement of the account between the contracting parties. Under the finding of fact stated in the opinion of the court below to which an

exception has not been taken this question must be answered in the affirmative, but aside from the finding of fact the written contract between the parties admits of no other reasonable interpretation. The conclusion of the learned court was clearly right in the disposition made of this item of credit claimed.

The other question raised relates to the allowance of interest in determining the cost of the coal field, and it is not free from doubt, but it is a doubt arising from the uncertainty of the contract. When the contracting parties fail to definitely state what they have agreed upon, courts can be of little assistance in determining what they meant. The court below very properly held that whether appellant was entitled to interest upon moneys expended by him in the purchase of the coal field prior to the execution of the contract in question depends upon the terms of the agreement entered into by the parties, and that interest is not recoverable unless the contract so provides, or by way of damages for breach of the same. The contract is silent upon the question of interest to be allowed appellant in determining the cost of the coal lands, and the courts are not at liberty to order that appellant be credited with interest when his contract did not so provide, and especially when the other contracting parties deny his right to demand it. The courts must leave the parties where they placed themselves and cannot undertake to make a new contract for them.

Decree affirmed at the cost of appellant.