# Woodward's Appeal.

*Interest—Contract—Custom—Surety company.*

Where a surety company requires as a condition for a bond guaranteeing the completion of a building operation, that a certain sum shall be deposited with it to be paid out by it to the builders on the certificate of the architect as the work progressed, and there is nothing in the agreement relating to interest, and there is no evidence of a custom to pay interest on deposits of the kind, the surety company will not be liable for interest on the deposit.

Argued Jan. 11, 1910. Appeal, No. 244, Jan. T., 1909, by William H. Woodward, from order of C. P. No. 5, Phila. Co., June T., 1905, No. 2,040, dismissing exceptions to auditor's report in case of Commonwealth ex rel. Hampton L. Carson, Attorney General, v. The City Trust, Safe Deposit & Surety Company of Philadelphia. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Exceptions to report of John M. Scott, Esq., and Ziba T. Moore, Esq., auditors.

The case is stated in the opinion of the Supreme Court.

*Error assigned* was in dismissing exceptions to auditor's report.

*Dimner Beeber,* with him *Francis V. Lloyd,* for appellant.

*John Kent Kane,* with him *Murdock Kendrick,* for appellee.

PER CURIAM, February 14, 1910:

This appeal is from an order dismissing exceptions to the report of the auditors of the account of the receiver of the City Trust, Safe Deposit & Surety Company. The principal claim of the appellant at the audit was for interest at two per cent on $200,000 deposited with the trust company un-

der these circumstances. The appellant had purchased land on which he intended to build an apartment house. In order to pay for the land and the building, he secured a loan of $400,000 on condition that the person advancing the money should be given a bond in the sum of $300,000 guaranteeing the completion of the building. The City Trust, Safe Deposit & Surety Company agreed to give its bond, but required a deposit of $200,000 to be paid out by it to the builders on the certificate of the architect as the work progressed.

In carrying out his purpose the appellant had the land conveyed to a straw man, who entered into a contract for the erection of the building. This contract was guaranteed by the trust company on the deposit with it of $200,000 by the appellant. The deposit was under the management of the surety department of the trust company, which was distinct from its banking and trust business, and it was governed entirely by the terms of the agreement between the parties, under which it was made.

The learned auditors found that there was no agreement to pay interest, and that there was no evidence of a custom to pay interest on deposits of the kind. These findings were sustained by the testimony and have been approved by the court. We find nothing in any of the assignments of error that calls for a reversal. They are all dismissed and the order of the court is affirmed at the cost of the appellant.