## Huey, Appellant, *v.* Christ.

*Partnership—Deceased partner—Accounting—Mortgages—Insurance premiums—Tax payments—Interest on advances.*

In an accounting between a surviving partner and the administrator of a deceased partner, the former is entitled to credit for sums of money which he paid out in renewal of fire insurance policies on properties mortgaged to secure the joint bond of the two partners; he is also entitled to credit for payments of taxes on real estate owned by the partnership, interest on the mortgage on such real estate, and payments made in reduction of such mortgage; and he is also entitled to interest on all of such advances.

Argued March 28, 1911. Appeal, No. 78, Jan. T., 1911, by plaintiff, from order of C. P. No. 4, Phila. Co., March Term, 1910, No. 2,140, discharging rule for judgment for want of a sufficient affidavit of defense in case of Arthur T. Huey, Administrator of the Estate of William M. Huey, deceased, v. Amos H. Christ. Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit upon a written agreement between Amos H. Christ and the administrators of his deceased partner, William M. Huey.

Rule for judgment for want of a sufficient affidavit of defense.

AUDENRIED, J., filed the following opinion:

The plaintiff claims $19,604.40 of the defendant. It is conceded that the defense set up is good to the extent of $13,713.28. This last-mentioned amount is made up of $1,851.78, which it is averred has been paid by the defendant on behalf of the plaintiff in satisfaction of sundry bills enumerated in a schedule annexed to the affidavit of defense, and of $11,851.60, which constitutes half of the sum paid by the defendant in satisfaction of the debt secured to the Cosmos Building & Loan Association by a mortgage on No. 1209 Market street, Philadelphia.

Against the remainder of the plaintiff's demand, viz., $5,891.12, the defendant sets up by way of defense counterclaims aggregating $11,521.17, which may be itemized as follows:

1. Interest on half of the amounts advanced by defendant for interest, dues, etc., on the Cosmos Building & Loan Association mortgage secured on No. 1209 Market street ............................... $4,134.48

2. Half of the amount advanced by the defendant for premiums on fire insurance policies pledged to holders of the mortgages secured on No. 1209 Market Street........ 1,934.75

3. Interest on half of the amount advanced by the defendant for said insurance premiums        301.89

4. Half of amounts advanced for taxes, interest and in reduction of the mortgage debt on Cape May lots........................ 2,539.12

5. Interest on half of the said advances on Cape May lots............................. 513.93

6. Dividends on 12½ shares of the stock of the Philadelphia Rye Whisky Distilling Company collected by plaintiff.............. 2,078.00

Without going into a discussion of the general subject of the right of a partner or a tenant in common to insure the property in which he is interested, and demand from his copartner or cotenant reimbursement to the extent of the latter's proportionate part of the outlay, it is sufficient to say that in our opinion the right of the defendant to insure No. 1209 Market street at the common expense of the plaintiff and himself is quite clear. When Mr. Huey died the property was subject to the payment of two mortgage debts. The bonds which had been given to the mortgagees bound both him and the defendant, and provided that they should keep the property insured in a specified amount for the benefit of the mortgagees. The failure of the surviving obligor to perform this condition would have resulted in a demand for the repayment of the principal of the mortgage debts, and, in default thereof, the foreclosure of the mortgages. Had Mr. Huey lived, there can be no doubt that the defendant might have protected their joint bond by performing its condition, and would have had the right, had he done so, to call on his co-obligor for the return of half of his outlay in the matter. The death of Mr. Huey did not deprive the defendant of that right. Moreover, the agreement made on April 28, 1903, between the various parties interested in No. 1209 Market street contemplated the continuance of the loans secured thereon by existing mortgages. This could not have been effected except by the renewal from time to time of the fire insurance policies pledged to secure these loans. It was, therefore, absolutely essential to the carrying out of the purposes of that agreement that the insurance should be kept alive, and we think that by necessary implication the defendant was authorized to do so at the expense of the plaintiff to the extent of one-half of its cost.

The lots at Cape May, New Jersey, formed originally part of the assets of the firm of Huey & Christ. They were expressly excluded from the purchase which the defendant made of certain of the assets of that firm, and continued to be copartnership property. It was the right of

the defendant, as surviving partner, to manage and dispose of the remaining assets of the firm, and for one-half of his necessary expenditures in preserving the common property pending sale he has a right to reimbursement against the plaintiff, as administrator of his deceased partner.   The necessity of the expenditures made by him for the payment of taxes and interest cannot be questioned; nor have we any doubt, under the facts stated by the affidavit of defense, that the payment made by the defendant in reduction of the mortgage indebtedness charged on this property was equally necessary.   There is nothing in the fifth clause in the agreement of April 28, 1903, to justify the contention that the defendant may not claim reimbursement for his outlays in this behalf before a sale of the Cape May lots has been effected.

The only remaining question relates to the defendant's counterclaims for interest on his advances made for the preservation of the partnership properties in the payment of interest, insurance premiums and mortgage debts.   This requires no extended discussion.   As pointed out above, the defendant had the right to make these payments. Half of them were for the benefit of the estate of his deceased partner, now represented by the plaintiff.   The general rule is that on money advanced for the use of another, interest at the lawful rate is payable from the time when the advance is made.   A contract to pay interest is in such case implied by the law: Sims v. Willing, 8 S. & R. 103; Harris v. Mercur, 202 Pa. 318.

This rule was not questioned by the Supreme Court in the case of Guthrie v. Baton, 227 Pa. 339, cited by the plaintiff.   All that was decided in that case was that under the agreement then under consideration interest could not be included in the computation of the "original cost" of certain land in which the parties had been dealing. There is nothing in the agreement of April 28, 1903, that excludes from the operation of the general rule above laid down any of the items of outlay on which the defendant claims interest.

We are of opinion that, with the exception of the sixth, all of the counterclaims above enumerated constitute valid defenses to the plaintiff's claim, and that since their amount exceeds the sum of $5,891.12, for which judgment is asked, the plaintiff's rules must be discharged

*Error assigned* was the order of the court.

*Maurice Bower Saul,* for appellant.

*Thos. D. McGlathery,* with him *H. LeGrand Ensign,* for appellee.

PER CURIAM, May 23, 1911:
The order of the court discharging the rule for judgment is affirmed on the opinion of Judge AUDENREID.