# Mack Paving & Construction Co. *v.* American Pipe & Construction Co., Appellant.

*Interest—Contract—Money advanced towards legal expenses.*

1. Interest is compensation allowed by law, usage of trade or fixed by the contract of the parties, for the use or detention of money.

2. Where one party to a contract agrees to advance all monies incident to litigation to collect a fund, and for his services is to receive a specified proportion of the amount collected after deducting the expenses, and nothing is said as to interest, nor is there any obligation on the second party to pay any money to the first party, no interest can be collected by the first party on the sums advanced.

Harris v. Mercur (No. 2), 202 Pa. 318, and Guthrie v. Baton, 227 Pa. 339, distinguished.

Argued April 21, 1925. Appeal, No. 242, Jan. T., 1925, by defendant, from judgment of C. P. No. 3, Phila. Co., March T., 1924, No. 8692, for plaintiff for want of sufficient affidavit of defense in case of Mack Paving & Construction Co. v. American Pipe & Construction Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit to recover amount of interest retained from a fund recovered in litigation.

Rule for judgment for want of sufficient affidavit of defense. Before FERGUSON, J.

Rule absolute. Defendant appealed.

*Error assigned* was order, quoting portion of docket entries referring to order.

*Wm. Clarke Mason,* with him *Morgan, Lewis & Bockius,* for appellant.—The right of defendant to deduct interest is justified: Phila. v. Com., 276 Pa. 12; Sims v. Willing, 8 S. & R. 103; Kane v. Fire Ins. Co., 199 Pa. 205.

*Walter Biddle Saul,* of *Saul, Ewing, Remick & Saul,* with him *Edmund R. Finegan,* for appellee.—Interest is a matter of contract, and is allowed only where there is a contract, express or implied to pay it: Phila. v. Com., 276 Pa. 12.

OPINION BY MR. JUSTICE FRAZER, May 11, 1925:

Plaintiff contracted for the construction of a sewer for the Bronx Valley Sewer Commission in the State of New York. Following partial completion of the contract, plaintiff employed defendant to finish the work. Disputes arose concerning the amount of claims for work, materials, etc., which resulted in defendant filing a lien, in settlement of which plaintiff assigned to defendant all rights under its contract with the Sewer Commission that defendant might be in a position to deal directly with the commission in all matters concerning payment for the work. The assignment included, inter alia, an agreement that, after completion of the sewer, defendant should bring suit against the commission "for a settlement of all claims in respect to the construction of said sewer, either for work stipulated in the contract or for extra work and materials or for delays" and in the prosecution of the action defendant agreed "to employ all the expert witnesses and counsel and to advance all other expenses incident to the litigation, compromise, adjustment or collection of the claims against the sewer commission, mentioned in Schedule D hereto attached, and after the deduction of the fees and expenses aforesaid from the amounts collected, Pipe Company agrees to pay to the Construction Company seventy-five per cent, of the net amounts collected as aforesaid upon sections I to V inclusive and Pipe Company shall be entitled to retain for its services twenty-five per cent of said amounts." Defendant also released plaintiff from all claims "which may hereafter arise due to the execution of said contracts," and it was further agreed that plaintiff should furnish all information and evidence in

its possession in support of the claim against the Sewer Commission but that plaintiff should "not be responsible for any expenses in the prosecution of said claims except out of the amounts collected by Pipe Company under the assignment" and that "the liability of the Pipe Company to the Construction Company under this contract shall be limited to whatsoever moneys Pipe Company shall collect under and by virtue of the said contract and the assignment thereof."

Defendant duly prosecuted the action against the Sewer Commission, recovered a large sum of money, and paid over to plaintiff 75% of the sum collected after deducting fees and expenses, including an item of interest on money defendant was obliged to provide and expend from time to time before collection was finally made. Plaintiff objected to the deduction of this latter amount, claiming interest was not properly chargeable as an expense under the contract, and sued to recover the additional amount due had the interest not been deducted. The court below entered judgment for want of sufficient affidavit of defense, and defendant appealed.

Interest is compensation allowed by law, or usage of trade or fixed by contract of the parties, for the use or detention of money: Phila. v. Com., 276 Pa. 12, 14; Koch v. Schuylkill County, 12 Pa. Superior Ct. 567, 572. "It is a legal and uniform rate of damages allowed, in absence of any express contract, where payment is withheld after it has become the duty of the debtor to discharge the debt": Kelsey v. Murphy, 30 Pa. 340, 341; Minard v. Beans, 64 Pa. 411, 413; Koch v. Schuylkill County, supra. There was no express provision here for payment of interest. The contract was silent on this point. Neither was there money due defendant from plaintiff at any time. The agreement expressly required defendant to advance all expenses incident to the litigation and provided plaintiff should not be responsible for expenses in connection therewith. On the other hand, defendant was not to be liable to plaintiff in any

way except out of money collected under the construction contract from the Sewer Commission, seventy-five per cent of this to be paid over to plaintiff and the remaining part defendant was "entitled to retain for its services." At no time did an obligation rest on plaintiff to pay defendant money. It was the duty of defendant to advance whatever sum should be needed. This feature distinguishes the present case from those cited by appellant, and, as illustrating the distinction, we refer to Harris v. Mercur (No. 2), 202 Pa. 318; Guthrie v. Baton, 227 Pa. 339, and Huey v. Christ, 232 Pa. 131, not cited by either of the parties to this appeal. In the first case, the several owners of choses in action entered into a written agreement by which each agreed to pay his respective portion of the expenses necessarily incurred in prosecuting the litigation. One of the parties advanced money in connection therewith and this court held he was entitled to recover from the others interest on such advancements from the date of payment. The decision was based on the fact that the action was prosecuted for the benefit of all parties and each had agreed to become responsible for his proportionate share of expense, and the failure of any of the parties to advance his share was a default on his part which made him liable for payment of interest on his portion. In other words, the amount of money needed became an obligation of each in proportion to his interest and failure of one to pay was a debt due the common fund, and if the others advanced such payment over and above their individual shares they, to that extent, paid money to the use of the others and accordingly became entitled to interest on the advanced amount. In the course of the opinion of this court, it was said (page 322) : "Harris acted for all the parties in bringing and conducting the suit. There was an implied request on the part of Mercur and Patrick that he should pay the expenses as they became due. He did so. It was the payment of their indebtedness due by them when the

services were rendered. The stipulations of the agreement did not require him to pay the costs of the litigation for which he should thereafter be reimbursed by the other parties. Each of the other two parties was responsible for his share of the expenses as they were incurred, not to Harris, but to the person who performed the services. Hence when Harris paid the expenses it was, under the circumstances, money advanced by him upon an implied request by Judge MERCUR and Mr. Patrick and for which they were indebted to him as of the date of payment. He was therefore entitled to recover not only the principal but interest thereon from the date of the advancements." The distinction between the above case and the present is clearly defined. There the obligation to share in the expenses was an obligation of all parties to the agreement. Here, the obligation is on defendant alone. He alone was to furnish the money and plaintiff assumed no obligation after executing the assignment. His only interest subsequent to that date was the right to receive 75% of any sum recovered by defendant on the deposit claimed. There was no debt due from plaintiff to defendant and the compensation of the latter for the use of whatever money might be needed in carrying out his agreement was a one-fourth part of the fund created. No interest, under such circumstances, could be claimed by him in absence of an express agreement to that effect. In Huey v. Christ, supra, it was held that a surviving partner was entitled to interest on sums of money paid out by him in renewal of fire insurance policies on partnership property, payment of taxes, interest and principal on mortgages, etc. Here again we have an obligation of both parties assumed by one for the benefit of both and the money thus paid out is properly treated as an advance for and on behalf of both, and interest is properly allowed as compensation for the assumption of the debt of the other. Guthrie v. Baton, supra, is an illustration showing when interest is not allowable. In that case a purchaser of

coal land expended definite sums in determining the cost of the land and claimed at the settlement to be entitled to interest on such expenditures. The court held such interest not recoverable as nothing appeared in the contract providing for it. In connection with reference to that case, we refer also to Woodward's App., 227 Pa. 191, where it was held a surety company was not liable for interest on a sum of money deposited with it to be paid out on completion of a building operation where the agreement made no mention of interest and no custom was shown to pay interest on deposits of that character.

The contract in the present case being silent as to the payment of interest, and no obligation appearing on the part of plaintiff to advance money toward expenses, there was no duty created at any time on which interest could be computed.

The judgment is affirmed.