## Youghiogheny-Pittsburgh Coal Co., Appellant, v. Valley Camp Coal Co.

Argued October 3, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*James H. Duff,* of *Duff, Davis, Scott & Smith,* for appellant.

*Albert C. Hirsch,* with him *John M. Freeman,* of *Watson & Freeman,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, November 26, 1928:

This case presents for construction the provisions of a coal lease. Some matters of practice are involved, but we think them not necessary to be elucidated, as the precise practice situation presented is unlikely ever again to arise and as they do not affect the substantive rights of the parties. Everything necessary to a determination of the case is before us. To send it to a jury would result only in delay, as the court would be bound to give binding instructions for plaintiff.

The main question involved as succinctly set forth in the brief of appellant's counsel is: Where a written contract provides that all coal mined shall be paid for at a specified price per ton, and requires payment for a specified minimum tonnage each year, whether mined or not, do payments for coal mined in excess of the minimum entitle the miner [lessee] to interest from the date

of such payments to the date when the coal would be exhausted if only the minimum were mined each year of the contract?

Plaintiff in its statement averred that defendant had not paid all the royalties which had accrued on coal mined and claimed a balance due of $103,934.41 with interest. There is no question raised as to the amount of coal mined. In its affidavit of defense defendant set up that it had overpaid the minimum amount due under the contract and has thus anticipated the purchase price of the coal, and that by such anticipation the plaintiff has received a larger price for its coal than called for by the agreement, which larger price "is measured by and equal to the amount of interest on the overpayments by defendant to plaintiff above the minimum required by the contract." In other words, defendant contended that the transaction was in effect a sale of the coal in place, to be paid for by certain minimum installments; and that when payments in excess of the minimum price per year were made, the plaintiff was receiving money which under the contract defendant would not have been then compelled to pay if it had not actually mined more than the minimum amount set. It was asserted that defendant is entitled to interest on the net amount of overpayment for the period of anticipation amounting to $174,-303.78, and a certificate was claimed against plaintiff for $70,369.37.

The defense set up cannot avail because it utterly disregards the terms of the contract. What defendant was to pay for the coal taken out was accurately fixed,—35 cents per ton,—not that amount less interest. The contract confers the right to mine and remove the coal and stipulates that defendant shall pay "as rent or royalty for said coal thirty five cents per net ton......for *all* of said acreage,......shall pay......for *all* coal mined......the sum of thirty five cents per net ton." After a named date "the party of the second part shall have the right to anticipate all royalty thereafter to be-

come due at said rate of thirty five cents per net ton for 8,000 tons per acre......and pay the same in cash," whereupon the first party was to deliver a deed for the property. The parties having specifically agreed to the consideration to be paid for the coal, and the contract being silent on the subject of interest on overpayments (Mack Paving & Construction Co. v. American Pipe & Construction Co., 283 Pa. 449) defendant cannot assert a price per ton different from that agreed upon. To allow it interest as claimed would enable it to pay for the coal at a price less than that expressly provided in the contract. The affidavit of defense was insufficient to prevent judgment.

The order of the court below is reversed and the rule for judgment reinstated, with directions to the court below to enter judgment for plaintiff for the amount claimed unless further good and sufficient cause be shown to the contrary.