# The Delaware & Hudson Co. v. The Franklin Railway Oil Co.

*John L. Nesbit*, for plaintiff; *M. P. Breene*, for defendant.

PARKER, P. J., March 21, 1931.—We have for consideration an affidavit of defense to a counterclaim of the defendant raising questions of law.

The pleadings show with certainty that on February 10, 1925, the plaintiff and defendant entered into a written contract, whereby the defendant undertook to furnish the plaintiff lubricating and other oils for use upon plaintiff's locomotives, passenger cars and freight lines. Under various extensions, the contract was continued until about June 1, 1928. The written contract sued on provided that part of the oil was to be delivered in iron and steel containers, and the plaintiff undertook to pay a fixed amount for each such container, with the right to return the container to the defendant and receive for it a definite amount.

After the defendant had furnished to the plaintiff the last shipment of oil, various containers were returned to defendant from time to time over a

period of six months. The defendant having failed to pay the plaintiff the amount fixed by the contract for these containers, a suit was brought to recover $2628, the amount due therefor. The contract also provided certain guaranties and the plaintiff claimed on that account the sum of $56.07, which made the total claim of $2684.07.

The defendant replied to plaintiff's claim, admitting all of the allegations of the statement of claim, and set up a counterclaim larger than plaintiff's claim. This counterclaim gives rise to the question now before us.

In the counterclaim the defendant sets forth deliveries of oil running into thousands of dollars over a period between the date of the contract and June 1, 1928, covered by invoices averaging five per month, the exact amounts of which were all paid but after a period somewhat longer than provided for in the written contract.

The basis of the counterclaim is interest claimed on the various invoices for periods beginning sixty days after the date of invoices and extending to the dates of the respective payments. The contract provided:

"The Railway Company agrees to pay for materials delivered by the Oil Company within sixty days of date of invoice, without discount for earlier payment. However, the Railway Company has the right to withhold from the payment of said invoices a sufficient amount to protect them against any excess cost per thousand miles run as may be shown by monthly reports furnished by them."

We are of the opinion that this is a proper question to be decided under section twenty of the Practice Act and that the counterclaim is not good as a matter of law. "The question to be decided under section 20 of the act which provides only 'a substitute . . . for the common law demurrer' . . . is not whether the statement is so clear, in both form and specification, as to entitle plaintiff, without amendment, to proceed to trial, but whether, upon the facts averred, it shows, as a 'question of law,' that the plaintiff is not entitled to recover:" Rhodes v. Terheyden, 272 Pa. 397, 401. The counterclaim with its exhibits shows that each and every invoice was paid as a separate item in the exact amount of the principal sum, although almost invariably at a date somewhat later than sixty days after the dates of the invoices. It is not in every situation where the contract is silent on the subject that there is an implied contract to pay interest on a sum due or owing, See Woodward's Appeal, 227 Pa. 191; Guthrie v. Baton, 227 Pa. 339, 343.

"The right to recover interest after the payment of the principal sum due depends upon whether the interest is due by the terms of the contract, or whether it is merely implied and allowed by way of damages in an action for the principal. If interest is due by the terms of the contract, the payment of the principal is no bar to its subsequent recovery, but if it is not due by the terms of the contract, the payment of the principal sum is a bar to recovery. The reason for the rule is that the interest being a mere incident to the debt cannot exist without it, and the debt being extinguished the interest must necessarily be extinguished also: 15 R. C. L. 13, § 11. See, also, 33 C. J. 255, and the very exhaustive note to Bennett v. Federal Coal C. & Co., 40 L. R. A. (N. S.) 588.

The only case that we have been able to find decided by the Supreme or Superior Court of this state involving the question with which we are concerned is Waller v. Kingston Coal Co., 191 Pa. 193, 201. In that case judgment of the lower court was affirmed "on the opinion of the learned president" of the lower court. It is there said:

". . . Interest is a legal and uniform rate of damages. allowed in the absence of any express contract when payment is withheld after it has become the duty of the debtor to discharge his debt. . . . Where parties themselves settle their accounts (at regular intervals) without charging each other with interest it is not in accordance with law or equity to go behind such settlements for the purpose of allowing interest in favor of one party against the other, such settlements are considered conclusive unless impeached for fraud or mistake: Chandler v. Bank, 61 Cal. 401. Where there is a stipulation for interest it may be recovered even after the principal debt has been paid; but it is otherwise where the interest is recoverable merely as damages or as incident to the debt: Chitty on Contracts, p. 959, note k; 11 Am. & Eng. Ency. of Law, 381; Gillespie v. Mayor of New York, 3 Edw. Ch. 512. In the case in hand no interest was contracted for. However, I rest the decision of this point on the fact that lessor did not intend to claim interest for arrearages before 1889; that his receipt is evidence of that fact; his previous dealing corroborates that view." See, also, Stewart v. Barns, 153 U. S. 456.

It appearing by the very terms of the claim of the defendant that each and every item of the principal on which interest is claimed was paid as a separate item, and there being no allegation that any claim had been made for interest when the principal sums were paid, the rules to which we have referred are applicable.

Although the question has not been raised by either of the parties, we have given some consideration as to whether the rule would be applicable where there are counter-accounts. By the terms of the contract, payments would necessarily be due from plaintiff to defendant from time to time for invoices of oil and likewise claims from defendant to plaintiff for containers returned by plaintiff to defendant. However, even though there were such mutual accounts interest would not be recoverable. "In mutual accounts interest is not chargeable until there has been or should have been a settlement between the parties:" Stage v. Hamilton, 275 Pa. 347; Goodwill v. Heim, 212 Pa. 595, 597.

In the instant case, each of the parties, as a matter of fact, as is shown by the pleadings, treated their respective claims against each other as a matter for separate settlement.

The present proceeding which we are considering involves only the sufficiency of the counterclaim of the defendant, and we can, therefore, only adjudicate that matter. It would seem that the entire matter might be disposed of on a motion for judgment for want of a sufficient affidavit of defense. See Guaranty Motors Co. v. Hudford P. S. Co., 264 Pa. 557. There is an additional reason for confining our order to the counterclaim in that, while the claim for the principal sums due for the containers could be disposed of, we are not inclined to determine the question of interest on such claim without an opportunity for further argument. Therefore

## Decree.

Now, March 21, 1931, the answer of the plaintiff to the counterclaim is sustained and it is adjudged that upon the facts averred by defendant in its affidavit of defense and counterclaim as a question of law, the defendant is not entitled to recover the amount of such counterclaim or have credit therefor, and the plaintiff is not required to make answer to the facts averred in the counterclaim.

From John F. Budke, Franklin, Pa.