Graboyes, Appellant, *v.* Kapner.

Argued October 21, 1935.

Before KELLER, P. J., BALDRIGE, STADT-
FELD, PARKER, JAMES and RHODES, JJ.

*Joseph Gross,* with him *Alexander M. Hauptman,* for
appellant.

*Edward Unterberger,* for appellee.

OPINION BY KELLER, P. J., November 20, 1935:

When this case was here before, (116 Pa. Superior
Ct. 44) on appeal from a judgment for the defendant
notwithstanding the verdict for plaintiff, we entered
the following order: "The judgment for the defendant
n. o. v. is reversed and the record is remitted with
direction to the court below to enter such order or
judgment (other than the one now reversed) as law
and right require".

That judgment was entered in conformity with a
judgment of the Supreme Court in Sloan v. Phila. &
R. Ry. Co., 231 Pa. 332, 80 A. 366, where, as here, the
court below had indicated that if it had not entered
judgment for the defendant non obstante veredicto it

would have made absolute the rule for a new trial, instead of discharging it. This order was explained when the same case came before the Supreme Court in 235 Pa. 155, 83 A. 604, as follows: "Where on an appeal from a judgment non obstante veredicto, the judgment is reversed, and the record remitted with directions to the court below to enter such judgment as law and right require, the case then stands as though no proceedings in the court below had been taken after the rendering of the verdict; and it is for the court below to take such action with respect to the verdict as in its judgment law and right require. It follows that it may either direct judgment on the verdict, order a new trial on refusal of plaintiff to accede to a reduction in amount of the verdict, or order a new trial irrespective of any such condition. Within these limits the verdict is in the power of the court. In this case a new trial was ordered unconditionally. We must assume that this was done in the exercise of a sound discretion by the court, with a view to accomplish the ends of justice, and the action is therefore not reviewable."

In Ralston v. Phila. R. T. Co., 267 Pa. 257, 110 A. 329, the Supreme Court further explained the effect of that order, saying: "In other words, such an order effectively opens the judgment and *reinstates the motion for a new trial,* (italics ours), with leave to the trial court to act thereon as 'right and justice under the law may require.' "

It follows that the plaintiff, in this case, should not have proceeded without authority from the court, to direct the prothonotary to enter judgment on the verdict, even though six days had elapsed since the remittitur from this court was filed in the court below, without action by the latter. The order of this court neither contemplated nor authorized the entry of any snap or default judgment in the court below, by its prothonotary, without the direction of that court. It was not

necessary, nor even desirable, that another motion for a new trial be filed. The order of this court, in effect, reinstated the original motion for a new trial and left it to the court below—not its clerk, on praecipe from the attorney for the plaintiff—to act upon it. The action of the prothonotary, in the circumstances, was, therefore, improvident and unauthorized and the court committed no error in striking off the judgment and granting a new trial.

The question of the jurisdiction of the Municipal Court was first raised by the defendant on his motion for judgment non obstante veredicto.

We have no doubt of the jurisdiction of the Municipal Court or of this Court.

Under the Acts of May 11, 1923, P. L. 201, and July 11, 1923, P. L. 1035, amendatory of Section 10 of the Act creating the Municipal Court (Act of July 12, 1913, P. L. 711) the Municipal Court is given jurisdiction in all civil actions at law and in equity, where the value of the matter or thing in controversy, *exclusive of interest* and costs, does not exceed two thousand five hundred dollars; and by the Act of March 2, 1923, P. L. 3, all appeals from *any* order, judgment or sentence of the Municipal Court are directed to be taken to and heard by the Superior Court.

The claim in the court below was not for damages for breach of a contract; it was to recover back specific sums of money—(totalling $2500)—which the plaintiff had paid the defendant under a contract which, the plaintiff alleged, had been rescinded by him for just cause, together with interest on the same. The former is an action for unliquidated damages; the latter is not, but is for a definite amount. The former is in affirmance of the contract; the latter is in disaffirmance of it.

The rule in this State is that where a definite or liquidated sum of money is unjustly withheld by a debtor, interest is properly demandable and allowable

**8**

as such: Minard v. Beans, 64 Pa. 411, 413; West Republic Mining Co. v. Jones & Laughlin, 108 Pa. 55, 68; Emerson v. Schoonmaker, 135 Pa. 437, 440, 19 A. 1025; Mack Paving & Const. Co. v. American Pipe & Const. Co., 283 Pa. 449, 451, 129 A. 329; Niland v. Gill, 99 Pa. Superior Ct. 107, 110.

A like distinction exists in the remedies of a buyer on breach of warranty by the seller (Sales Act of May 19, 1915, P. L. 543, section 69, pp. 562, 563). In such case the buyer may, at his election, (a) accept or keep the goods, and set up against the seller the breach of warranty by way of recoupment in diminution or extinction of the price; or (b) accept or keep the goods, and maintain an action against the seller *for damages for breach of the contract;* or (c) refuse to accept the goods, if the property therein has not passed, and maintain an action against the seller for *damages for breach of warranty;* or (d) *rescind* the contract to sell, or the sale, and refuse to accept the goods, or if the goods have already been received, return them or offer to return them to the seller, and *recover the price or any part thereof which has been paid.* The first three remedies (a), (b) and (c) are in affirmance of the contract and are for damages; the fourth (d) is in disaffirmance or disavowal of the contract (Lonker & Stevens v. Cohen, 78 Pa. Superior Ct. 73, 75; Tinius Olsen Co. v. Wolf Co., 297 Pa. 153, 156, 146 A. 541), and is for a definite liquidated sum of money.

The order of the court below is affirmed, with a procedendo.