## Bass' Estate

304

*George W. Hoft,* for exceptants.
*Maurice G. Belknap,* contra.

LADNER, J., March 31, 1939.—As the facts appear in the adjudication, no restatement of them is necessary. Separate exceptions are filed on behalf of testator's daughters (Audrey Bass Howley and Lillie Bass Mulholland) questioning the auditing judge's ruling that decedent's checks, drawn to the order of exceptants, raised the presumption that they were for payments on account of the debts due by decedent to the payees, thereby shifting to exceptants the burden of proving them to have been gifts. We approve the auditing judge's ruling and to the authorities cited by him add Goldberg, Exec., v. Wine, 326 Pa. 335 (1937), where it is said: " '. . . the presumption is, it [check] is given either in payment of a debt, or that cash was given for it at the time.' " This we take to mean the former when the maker is indebted to the payee, and the latter when no such indebtedness exists. It is well to note, however, that a different rule applies where there is an unqualified endorsement and delivery, by a parent to a child, of a third party's check; then the presumption would be that of a gift: Goslin, Admr., v. Edmunds, 325 Pa. 154; Petty's Estate (No. 2), 311 Pa. 372; McConville v. Ingham et al., 268 Pa. 507.

The other exceptions are those filed by the son of decedent, as executor. Strictly speaking, an executor, who is not a trustee, has no standing to except to an auditing judge's allowance of a claim: Steppacher's Estate, 3249 of 1932 (unreported). But as the executor here is also the residuary legatee, we will treat the exceptions as though filed in that capacity.

Those exceptions charge the auditing judge with error in awarding interest from the *date* the loans were made, rather than from the date of decedent's death when they became payable. Counsel for exceptant argues that as the agreement, by which decedent acknowledged the loan of the securities and cash therein recited, contained no express provision for payment of interest for the use

thereof, none was payable except from the date of decedent's death.

We must dismiss these exceptions also. In Gravenstine's Estate, 18 Phila. 9, Judge Ashman of this court held that where a daughter permitted her father to use her money for his own business, the transaction became one of borrower and lender, and, said that distinguished jurist:

"Nothing is better settled than that a loan of money carries interest. It is a conclusion of law from the fact of the loan". See also Sims v. Willing et al., 8 S. & R. 102, 109 (1822), where it was said (Gibson, J.) :

". . . interest follows the debt, as a shadow does the substance; and although this is not a rule of universal application, I can discover no ground to make this case an exception. In actions for money had and received, or money lent and advanced, interest is of course; and I cannot see why it should not be demandable in every case where one man has used, or been benefitted by the application of the money of another."

The general statements, apparently contra, in the cases cited by counsel for exceptant support no different principle for they must be read in connection with the transaction in which the question arose; e.g., payments made under agreements of sale of land: Minard v. Beans, 64 Pa. 411; Guthrie v. Baton, 227 Pa. 339, 343; tort actions: Richards v. Citizens Natural Gas Co., 130 Pa. 37; agreement providing for cash deposit with a surety as indemnity: Woodward's Appeal, 227 Pa. 191; money advanced for litigation expenses under contract to collect a fund: Mack Paving & Const. Co. v. American Pipe & Const Co., 283 Pa. 449; all of these cases are what Chief Justice Gibson called exceptions to the general rule and in which "the provisions of the contract or trade usage controls".

On the other hand, where equitable principles enter into consideration, as in Harris v. Mercur (No. 2), 202 Pa. 318, the general rule laid down by Chief Justice Gib-

son in Sims v. Willing et al., supra, is cited with approval and followed.

All exceptions are dismissed and the adjudication confirmed absolutely.