Seaboard Construction Company v. Curtis

**2**

*Harry Norman Ball*, for plaintiff.

*Taylor & Hoar* and *Frank J. Moralla, Jr.*, for defendant.

Bok, P. J., June 1, 1945.—Although defendant has filed a motion for a new trial, his attorney informs us that he does not desire a new trial and that in fact he has had paid to plaintiff the amount of the verdict, less the items of interest on plaintiff's claim. Defendant's counsel asks us to treat the motion as an application to mold the verdict by eliminating the items of interest which defendant contends were wrongfully included in the verdict.

We are of opinion that defendant's application must be refused for the following reasons:

1. In equity and good conscience plaintiff is entitled to recover the said interest. Defendant was the prime contractor under a contract with the United States Army Engineers Corps. Under the terms of the contract defendant was to be paid in instalments as the work progressed. Plaintiff is defendant's subcontractor for part of the work. It was agreed between the parties that plaintiff was likewise to be paid in instalments when and as the Engineers Corps paid defendant. In connection with the financing of the transaction, defendant assigned to the Cheltenham National Bank his right to receive the payments which would thereafter accrue to him under the prime contract, with the understanding, however, that out of the funds col-

lected by the said bank it would pay plaintiff such amounts as might from time to time become due to it under the said subcontract; these payments were to be made when and as directed by defendant. On November 1, 1944, the Engineers Corps paid to the Cheltenham National Bank as defendant's assignee the final sum of $43,141.95. All of this money was for work and materials supplied by plaintiff and all of it should have been immediately paid over to plaintiff. Defendant, however, refused to give to plaintiff an order on the bank for the payment of this sum, but claimed it himself. Prior to January 2, 1945, defendant refused to release any of said funds unless plaintiff would acknowledge defendant's claim to $17,400. On January 2, 1945, defendant delivered to plaintiff an order on the bank to pay plaintiff $25,741.95, which defendant admitted was due plaintiff. The balance of $17,400 was retained by the bank. The interest items involved in this litigation consist of the following:

1. Interest on $43,141.95 from November 1, 1944, when the same should have been turned over to plaintiff, to January 2, 1945, when $25,741.95 was actually paid.

2. Interest on $17,400 from January 2, 1945, to the date of the verdict.

In Graboyes v. Kapner, 120 Pa. Superior Ct. 4 (1935), it is said at page 7:

"The rule in this State is that where a definite or liquidated sum of money is unjustly withheld by a debtor, interest is properly demandable and allowable as such: Minard v. Beans, 64 Pa. 411, 413; West Republic Mining Co. v. Jones & Laughlin, 108 Pa. 55, 68; Emerson v. Schoonmaker, 135 Pa. 437, 440, 19 A. 1025; Mack Paving & Const. Co. v. American Pipe & Const. Co., 283 Pa. 449, 451, 129 A. 329; Niland v. Gill, 99 Pa. Superior Ct. 107, 110."

In West Republic Mining Co. v. Jones & Laughlin, 108 Pa. 55, 69 (1884), the rule is well stated as follows:

"Generally, in this country, interest is looked upon as an incident of the money, to be paid with the principal when the latter has been withheld after it became the duty of the debtor to pay it."

2. There is no merit in defendant's contention that plaintiff is not entitled to recover interest on the $43,141.95 from November 1, 1944, to January 2, 1945, because no claim for such interest was asserted in the pleadings. The facts giving rise to the interest claim are pleaded. It is immaterial that no specific claim for the interest itself was made, since the interest follows not as a separate claim but as an incident of the debt itself: Adams v. Palmer et al., 30 Pa. 346 (1858); Hubbard v. Jackson, 29 W. N. C. 66 (1891); Stephens v. Hartley, 5 D. & C. 639 (1924). Moreover, even if it should be held that plaintiff should assert a claim in his pleadings for interest, that would not avail defendant in this proceeding, since he waived the said alleged deficiency in the pleadings by his conduct at the trial. Counsel for plaintiff, before the case went to the jury, prepared a calculation of the amount claimed by plaintiff and included therein the items of interest. This calculation was submitted to defendant's attorney, who made no objection to it, and it was sent out with the jury. It is fundamental that defects or omissions in a declaration which could have been cured before trial by amendment cannot be objected to after verdict. If enough appears in the declaration to show that plaintiff has a good cause of action, all defects not objected to will be regarded as cured by the verdict: Morrison v. Moreland, 15 S. & R. 61 (1826). After trial on the merits and a verdict for plaintiff, no defect in the statement will be fatal unless it is shown to have injuriously affected the trial; in such case the proper amendment will be considered as having been made: Chapin v. Cambria Iron Co., 145 Pa. 478 (1891).

3. Defendant's contention that plaintiff is not entitled to collect interest on the $17,400 because the court

issued an order directing the Cheltenham National Bank to pay the fund in dispute into court pending the trial of the case is unsound. It is undoubtedly true that where a fund is ordered to be paid into court interest ceases from the date the fund is paid into court. See County Treasurer's Appeal, 9 D. & C. 324 (1926) ; In re Cloud's Estate, 4 Leg. Gaz. 369 (1872) ; Fox v. Lofland, 98 F.(2d) 589 (C. C. A. 3rd, 1938). This principle has no application to the facts of this case. In the first place, the fund was not actually paid into court, but by stipulation of the parties subsequent to our order directing payment of the fund into court it was retained by the Cheltenham National Bank as stakeholder. Secondly, in a larger sense the subject matter of the dispute between the parties was not the specific fund but rather the recovery of the balance due plaintiff from defendant under the subcontract between the parties, and the fund in question was merely collateral security for the moneys due plaintiff. It may well be that the retention of this fund by the bank as stakeholder relieved it from liability for interest on the fund, but we cannot see why it should operate to relieve defendant from payment of interest on the debt which the jury has found defendant owes plaintiff. Finally, when defendant failed to object to the inclusion of interest in the computation which was handed to the jury, he waived any objection to the running of interest on plaintiff's demand, and the present contentions of defendant are obviously an afterthought.

4. Defendant also asks us to give him credit for the $100 counsel fee which we allowed the counsel for the Cheltenham National Bank out of the fund. He bases his claim to this credit solely on the ground that, when we certified the equity proceedings to the law side of the court, we directed that "plaintiff [was] to pay costs". We meant by this simply that plaintiff was to pay the costs incurred up to the date of the filing of the order. It was not our intention to saddle plaintiff

with the cost of the subsequent proceeding, and there is no good reason why plaintiff rather than defendant should bear the amount of these fees.

Defendant's motion for a new trial is dismissed and judgment is entered on the verdict.