Olwine *v.* Torrens, Appellant.

Argued June 13, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Ronald C. Travis*, and *Candor, Youngman, Gibson and Gault*, submitted a brief for appellant.

*George M. Hess*, with him *Hess and Hess*, for appellee.

OPINION BY HOFFMAN, J., September 22, 1975:

Appellant contends that the lower court erred when it found the repayment provision in appellant's loan usurious under the version of the Pennsylvania usury law[1] applicable at the time of the loan.

On November 19, 1958, appellant made a loan to the appellee and her husband for the principal sum of $7000.00 plus 6% interest, and a bond and mortgage were

---

1. The Act of May 28, 1858, P.L. 622, §1, 1949; April 20, P.L. 655, §1, 41 P.S. §3. The Act was subsequently amended in 1968, 1970, 1972, and 1973, but these amendments are inapplicable here.

executed. The bond and mortgage provided that the amount of principal to be repaid should be increased or decreased by a percentage equal to the difference between the average purchasing power of the dollar for the months of July, August and September, 1958, and the average purchasing power of the dollar for the three months immediately preceding repayment, if the difference was greater than five points. The average purchasing power of the dollar was to be measured by the consumer price index. The consumer price index for the 1958 period was $100.00, and for the period immediately preceding payment was $150.80. Under the loan provision, therefore, the appellee owed an additional $3,556.00.

On May 21, 1973, the appellee filed a complaint in equity seeking to force the settlement of the mortgage and bond. During the proceedings, the lower court raised the issue of whether the provision violated the Pennsylvania usury law, supra, and the appellee was permitted to filed an amended reply to new matter raising this issue. In November of 1974, the lower court certified the case from the equity side of court to the law side of court, pursuant to Rule 1061 of the Pennsylvania Rules of Civil Procedure. On November 22, 1974, the lower court found that the repayment clause violated the Pennsylvania usury law, supra, and ordered the mortgage be marked satisfied. This appeal followed.

At the time the mortgage was executed by the parties, the Pennsylvania usury law, supra, provided: "The lawful rate of interest for the loan or use of money, in all cases where no express contract shall have been made for a less rate, shall be six per cent, per annum . . ." Black's Law Dictionary (4th ed. 1957) defines interest as "the compensation allowed by law or fixed by the parties for the use or forbearance or detention of money." See also, *Bair v. Snyder County State Bank*, 314 Pa. 85, 171 A. 274 (1934); *Mack Paving & Construction Co. v. American Pipe & Construction Co.*, 283 Pa. 449, 129 A. 329

(1925) ; *McDermott v. McDermott,* 130 Pa. Superior Ct. 127, 196 A. 889 (1938). Since usury is often accompanied by subterfuge and circumvention to present the color of legality, it is the duty of the court to examine both the substance and form of a transaction. *Richman v. Watkins,* 376 Pa. 510, 103 A.2d 688 (1954) ; *Simpson v. Penn Discount Corporation,* 335 Pa. 172, 5 A.2d 796 (1939).

Appellant asserts that the principal of the loan is 7000 "1957 dollars". That is, because inflation has reduced the "value" of each dollar, the extra sum charged does not give him a return on his money. Rather, he claims that the additional charge maintains the "1957 dollar" value of the principal, and therefore, the extra sum is principal. Although somewhat novel, appellant's argument ignores economic reality.

"Perhaps the most widely recognized consequence of inflation is its effect on contractual relationships stated in monetary terms. As a class, debtors gain during periods of inflation and creditors lose. The longer the period of time to which the contractual commitment applies, the greater is the exposure to loss or gain." Whittlessey, Freedman and Herman, *Money and Banking: Analysis and Policy,* at 380 (2d ed. 1968). Thus, inflation plays an important role in determining the interest rates to be charged by a creditor. "[T]he 'nominal' interest rate—the contract, or stated, interest rate—reflects expectations about future price level behavior. If prices are rising, and are expected to rise further, the expected rate of inflation is added to the interest rate that would have prevailed in the absence of inflation to adjust for the decline in purchasing power represented by price increases." Weston and Brigham, *Managerial Finance,* at 685 (4th ed. 1972). "As people come to anticipate a steady rate of inflation, they build into their interest-rate supply and demand schedules an allowance for inflation." Samuelson, *Economics,* at 607 (9th ed. 1973). In the instant case, appellant's effort to keep the "1957 dollar" value of the

principal was an attempt to avoid the effects of inflation. The extra sum due, therefore, represents a change in the nature of interest. Because the stated interest rate of the loan was the maximum allowed under the Pennsylvania usury law, supra, this extra charge was usurious.

Appellant further contends that even if the repayment provision provides for the payment of additional interest, the repayment provision is a contingent obligation and therefore not violative of the Pennsylvania usury law. This rule is stated in the Restatement of Contracts, Section 527, as follows: "A promise, made as the consideration for a loan or for extending the maturity of a pecuniary debt, to give the creditor a greater profit than the highest permissible rate of interest upon the occurrence of a condition, is not usurious if the repayment promised on failure of the condition to occur is materially less than the amount of the loan or debt with the highest permissible interest unless a transaction is given this form as a colorable device to obtain a greater profit than is permissible. In that case it is usurious." The risk must be substantial, however, for a mere colorable hazard will not prevent the charge from being usurious. Courts have held that a loan is contingently repayable only if the lender has subjected himself to some greater hazard than the risk that the debtor might fail to repay the loan or that security might depreciate in value. 14 Williston on Contracts §1692 (3d ed. 1972). The comment to §527 of the Restatement states: "If the probability of the occurrence of the contingency on which diminished payment is promised is remote, or if the diminution should the contingency occur is slight as compared with the possible profit to be obtained if the contingency does not occur, the transaction is presumably usurious."

In the instant case, the repayment contingency was based on the relative purchasing power of the dollar: if the purchasing power of the dollar fell, then the appellee would be required to repay more dollars to compensate

for this fall. On the other hand, if the purchasing power of the dollar rose, the appellee would be required to repay fewer dollars. The appellant, therefore, was protecting himself against any depreciation in the value of the dollar. This is a risk to which all individuals are subject and which is an incident of every loan. Because this is a risk normally incident to every loan and not especially hazardous, the interest contingency rule does not apply. Even if we were to hold that the risk is especially hazardous, "the probability of the occurrence of the contingency on which diminished payment is promised is remote." Therefore, the interest contingency rule is inapplicable.

Finally, the appellant contends that the appellee waived the benefit of the Pennsylvania usury law, supra, by failing to raise usury as an affirmative defense in his reply to new matter. In *Richman v. Watkins*, 376 Pa. 510, 515, 103 A.2d 688 (1954), our Supreme Court, quoting *Simpson v. Penn Discount Corporation et al.*, 335 Pa. 172, 175-176, 5 A.2d 796 (1939), stated: " '. . . The statute against usury forms a part of the public policy of the state and cannot be evaded by any circumvention or waived by the debtor. . . .' "

Order affirmed.