# Harris *v.* Mercur, Appellant (No. 2).

*Interest—Money paid to the use of another.*

Where money is paid to the use of another, interest is recoverable from the time of such payment without proof of demand for repayment.

Where the owners of certain choses in action enter into a written agreement by which each covenants to pay his respective proportion of the "legal expenses necessarily incurred in prosecuting such suit or suits as may be deemed advisable to institute," and one of the parties advances money

necessary to pay expenses in prosecuting the suits, interest runs against the other parties on such advancements from the date of their payments.

Argued March 17, 1902.    Appeal, No. 337, Jan. T., 1902, by defendant, from judgment of C. P. Bradford Co., May T., 1894, No. 640, dismissing exceptions to adjudication in case of Nathaniel C. Harris v. R. A. Mercur, Executor of Ulysses Mercur, Deceased.    Before MITCHELL, DEAN, BROWN, MESTREZAT and POTTER, JJ.    Affirmed.

Assumpsit upon a contract in writing.    Before FANNING, P. J., without a jury.

The contract upon which suit was brought was as follows :

" Memorandum of agreement, made March 4, 1880, between N. C. Harris of the first part, Ulysses Mercur of the second part, and H. W. Patrick of the third part.    Whereas, on or about the    day of December, 1879, J. H. Webb, as trustee for said Harris, purchased of J. Welles Hollenback, and also of Edward Welles, certain debts, demands and judgments which each held against the estate of Col. C. F. Wells, Jr., together with all the collaterals either held to secure the payment thereof, and especially a certain contract entered into between said C. F. Wells, Jr., and Asa Packer, bearing the date of October 25, 1865, which said C. F. Wells, Jr., had assigned to said Ellen Welles in her lifetime as collateral ; and whereas, said Harris has paid part and secured the payment of the residue agreed to be paid by his said trustee, and the latter had assigned and transferred all the property and claims thus purchased to said Harris.    Now, therefore, it is hereby declared and agreed that said Harris holds the same as to the one fourth thereof in trust for Mercur, and one fourth in trust for said Patrick and one half for himself.

" And whereas, the interest belonging to the estate of said C. F. Wells, Jr., in said contract with Asa Packer is about to be sold by the administrator of said Wells estate, and it is understood and expected that said Harris will and shall bid off the same.    Now, in case he does, or if bid off by any one of the three parties to this agreement, it shall be held by said Harris in like shares and proportions as the property heretofore purchased, that is, one half for himself and one fourth for each said Mercur and said Patrick, and in case any other debts of any

kind against the estate of said C. F. Wells, Jr., shall be purchased, said Mercur and said Patrick shall each have one-fourth interest or share therein, and each shall pay to said Harris the one-fourth sum he has or may be required to pay therefor, unless the same shall be realized out of the property or claims now or hereafter to come into his hands. It is understood that neither said Mercur nor said Patrick shall in any event be liable for any costs and expenses heretofore contracted or incurred by said Harris in any negotiations or purchases heretofore made in the purchase or settlement of any claim or claims, any further than said Mercur and said Patrick shall each pay the one fourth of the legal expenses necessarily incurred in prosecuting such suit or suits as may be deemed advisable to institute. No settlement or compromise shall be made without the assent of all the parties hereto living. If any be dead, then the assent of those surviving and the personal representatives of those dead.

. " In witness whereof we have hereunto set our hands and seals the day and year first above written."

It was found necessary to begin a suit to enforce a claim held by the parties, and Harris advanced the money from time to time necessary to pay expenses. The present action was brought for contribution. The court entered judgment for the plaintiff for an amount found to be due by the estate of the decedent. In this amount was included interest on the advances from the time they were made.

Exceptions to the allowance of interest were filed by the defendant, and overruled by the court.

*Errors assigned* were in overruling the exceptions.

*C. LaRue Munson*, with him *Addison Candor*, for appellant.—Plaintiff was not entitled to interest: Williams v. Craig, 1 Dallas, 315 ; McClintock's App., 29 Pa. 360 ; Kelsey v. Murphy, 30 Pa. 341 ; Adams v. Palmer, 30 Pa. 348 ; Second & Third St. Passenger Railway Co. v. Phila., 51 Pa. 468 ; Minard v. Beans, 64 Pa. 413 ; Weir v. Allegheny, 95 Pa. 415 ; West Republic Mining Co. v. Jones, 108 Pa. 68 ; Richards v. Citizens Nat. Gas Co., 130 Pa. 39 ; Booth v. Pittsburg, 154 Pa. 483 ; Meyers's Estate, 179 Pa. 161 ; Fleming's Est., 184 Pa. 85 ; Grubb's App., 66 Pa. 129 ; Brown's App., 89 Pa. 139.

*H. F. Maynard* and *E. Overton,* for appellee, cited: West Republic Mining Co. v. Jones, 108 Pa. 68; Brenner v. Carter, 10 Pa. Dist. Rep. 459; Rapalje v. Emory, 1 Dall. 349; Dilworth v. Sanderling, 1 Binney, 488; Sims v. Willing, 8 S. & R. 103.

OPINION BY MR. JUSTICE MESTREZAT, April 21, 1902:

By the written agreement of March 4, 1880, it was declared that Harris held the one fourth of the claims in trust for Mercur, one fourth in trust for Patrick and one half for himself. It was provided in the agreement that neither Mercur nor Patrick should in any event be liable for any costs or expenses further than that they " shall each pay the one fourth of the legal expenses necessarily incurred in prosecuting such suit or suits as may be deemed advisable to institute." Pursuant to this agreement, in October, 1880, Harris for himself and the other parties filed a bill in equity in the common pleas of Bradford county to enforce a claim held by them against Packer's executors and the Lehigh Valley Railroad Company. The case was heard by a master, then by the common pleas and subsequently on appeal by the Supreme Court. It was settled by the parties in April, 1888, each party agreeing to pay his own witnesses and for subpœnaing them, also, one half of the record costs except the prothonotary's, all of which were to be paid by the plaintiff. The learned trial judge before whom the case was tried under the act of 1874 found " that it was necessary that money be advanced to pay surveyors, witnesses, hotel bills, traveling expenses, officers' fees, stenographer's bills, printers, etc., and the said N. C. Harris, with the knowledge of Judge MERCUR, did from time to time advance large amounts of money in and about the carrying on of said suit, beginning immediately after trial of said case began and continuing until at or about the time this action was brought for contribution."

In April, 1894, this action was brought by Harris against the executor of Judge MERCUR to recover the latter's share of the expense incurred in the litigation. The court below found in favor of the plaintiff and held that he was entitled to recover interest on the advancements made by him on account of Judge MERCUR from the date of such advancements. The

defendant appeals and assigns for error the finding of the court that the plaintiff is entitled to interest from the date of the several advancements. The plaintiff's statement in this case was filed April 3, 1895, and the court finds that he did not make known his claim or the items thereof until that time. It is contended by the appellant that interest on the advancements should not be allowed prior to that date.

The litigation with Packer's executors was prosecuted for the benefit of all the parties to the tripartite agreement and was in pursuance of the terms of that agreement. All the parties were plaintiffs in the action and inter sese each was liable for his proportionate share of the expenses. As the suit progressed the costs were from time to time incurred and the liability for their payment was fixed as of those dates. They then became due and payable to the parties entitled to receive them and created an indebtedness for which the parties to the litigation were liable. Payment could then have been enforced. Failure of either party to pay was a default on his part and subjected him to the payment of interest. The amounts were liquidated and certain and, as in other litigation, could have been ascertained by the parties responsible for them. Harris acted for all the parties in bringing and conducting the suit. There was an implied request on the part of Mercur and Patrick that he should pay the expenses as they became due. He did so. It was the payment of their indebtedness due by them when the services were rendered. The stipulations of the agreement did not require him to pay the costs of the litigation for which he should thereafter be reimbursed by the other parties. Each of the other two parties was responsible for his share of the expenses as they were incurred, not to Harris, but to the person who performed the services. Hence when Harris paid the expenses it was, under the circumstances, money advanced by him upon an implied request by Judge MERCUR and Mr. Patrick and for which they were indebted to him as of the date of payment. He was therefore entitled to recover not only the principal but interest thereon from the date of the advancements. It is immaterial when the claim was presented to Judge MERCUR's executors or the demand on him for payment was made. Neither had anything to do with creating the indebtedness or fixing the defendant's liability for its payment.

The equities of this case are all with the plaintiff. The purchase of the claims resulting in the litigation was for the benefit of all the parties. It was a business venture in which the parties evidently expected to succeed. Had they done so, each would have been entitled to receive his share of the profits as stipulated in the agreement. As frequently happens, however, the expectations of the parties were not realized. Regardless of the result, Harris paid all the expenses. On some of these which were not paid when due, he was compelled to pay interest. Having prevented by payment the running of interest on some of the claims and having paid the interest on others, for all of which claims the defendant's testator was liable for his proportionate share, it would be most inequitable and unjust to deny Harris reimbursement in this action. The duty of Judge MERCUR to pay interest is as imperative as his duty to pay the principal. His contract makes him liable for both.

Interest is recoverable for money lent and advanced: Dilworth v. Sinderling, 1 Binn. 488; Sims v. Willing, 8 S. & R. 103 " This action to compel contribution to what was a general charge," says GIBSON, J., in the case last cited, " is in the nature of a bill in equity, and the money may be said to have been paid and advanced to the defendant's use; in which case interest, in the shape of damages, would clearly be recoverable from the time of the advancement. . . . In actions for money had and received, or money lent and advanced, interest is of course; and I cannot see why it should not be demandable in every case where one man has used, or been benefited by the application of the money of another. . . . Neither can I discern any show of reason for referring the calculation to the period when the average was adjusted. The adjustment forms no part of the plaintiff's title, and cannot affect the rights of any one. The plaintiff is entitled to interest from the time the average was actually paid." In Gibbs v. Bryant, 1 Pick. 118, it is held that in an action for money paid to the use of another, interest is recoverable from the time of payment without proof of demand for repayment. Allen v. Fairbanks, 45 Fed. Repr. 445, was a bill in equity for contribution. WHEELER, J., in delivering the opinion of the court, says: " A question is made about interest. The orators were compelled to pay money for the defendant which

he ought to have paid, although he may not actually have known of the circumstances requiring the payment at the time. Interest is recoverable generally upon advances of money. . . . Being compelled to pay money for the defendant was the same, in effect, as having it detained by him, for which interest is recoverable. Upon these principles, interest appears to be chargeable upon the respective amounts paid for the defendant from the time of payment."

The principles enunciated in these authorities are applicable to the case in hand.

The assignments are overruled and the judgment is affirmed.