## HARTMANN–SCHNEIDER CO. v. FARISH CO.

(Circuit Court of Appeals, Third Circuit. September 8, 1925.)

No. 3192.

1. Sales ⬥⟹119—Buyer may reject goods and rescind contract, if goods delivered not of quality provided for.

Buyer may reject goods and rescind contract, if goods delivered not of quality definitely provided for in contract.

2. Sales ⬥⟹83—Buyer held not authorized in rescinding contract because single shipment contained more than authorized percentage of inferior goods.

Buyer of 25 bales of cloth under contract which authorized seller to ship up to "30 per cent. in seconds" on receipt of 12 bales, 5 of which were seconds, held not authorized to rescind whole contract; the 30 per cent. provision meaning 30 per cent. of entire quantity and not of any one shipment.

3. Sales ⬥⟹384(1)—Buyer rescinding contract held liable for interest on recovery.

Buyer of goods unlawfully rescinding contract and failing to pay rightful demand of seller held liable for interest on recovery.

4. Judgment ⬥⟹314—Judge held empowered to modify judgment by addition of interest thereto.

Judge held empowered to correct judgment by adding thereto interest claimed by plaintiff on amount of recovery.

Appeal from the District Court of the United States for the Western District of

7 F.(2d)—36

Pennsylvania; Frederic P. Schoonmaker, Judge.

Action by the Farish Company against the Hartmann-Schneider Company. Judgment for plaintiff, and defendant appeals. Affirmed.

John M. Henry, of Pittsburgh, Pa., and George E. Wolfe, of Johnstown, Pa., for appellant.

Elverton H. Wicks and Morris, Walker & Boyle, all of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. On January 17, 1920, the Hartmann-Schneider Company ordered from the Farish Company 25 bales of cloth material called white balk indigo denims, used for overalls. The order was accepted by the Farish Company on January 21, 1920. The seller under the contract had the "privilege of shipping up to 30 per cent. in seconds." The material was to be shipped in about equal weekly deliveries from April to September 2, 1920, inclusive. One bale was shipped on April 1st and from then until July 8th 14 bales altogether had been shipped. Of these 10 were marked firsts and 4 seconds. Defendant paid for one bale, but the price on this material fell considerably, and it refused to pay for the remaining 13 bales. Plaintiff shipped 5 additional bales, which defendant refused to accept, and plaintiff sold them at the then market price. After an inspection on August 11, 1920, of 2 of the 14 bales shipped, defendant orally informed Mr. Van Rensselaer, plaintiff's salesman, that it repudiated and canceled the contract and returned the 13 bales which had already arrived and had not been paid for, and refused to accept the 5 bales which arrived later, on the ground that the material was "not in accordance with the specifications of the contract." The contract being violated and canceled by defendant, plaintiff did not ship the remaining 6 bales. On September 28th, following, defendant notified plaintiff in writing that it repudiated the contract.

The plaintiff brought suit for the contract price of the 13 bales which it holds as bailee, for the difference between the market price and the contract price on the 5 bales which plaintiff refused to accept, and for the difference between the market price at the date of rescission of the contract and the contract price on the remaining 6 bales, which were not shipped. These items of damage, together with freight, storage, drayage, etc.,

paid by plaintiff, aggregate $9,475.51. Plaintiff claimed as damages this amount, together with interest on the money from the times the various items became due.

The learned trial judge held as a matter of law that the defendant breached the contract, and its pleadings and proofs did not constitute a defense. After all the evidence was in, he directed a verdict for plaintiff for the amounts claimed, and instructed the jury that it would be entitled to add damages (interest) to these for detention of the amounts due plaintiff. The defendant has brought the judgment here by writ of error, and contends, inter alia, that the court erred in holding that it breached the contract. The determination of this question, it seems to us, is dispositive of the whole case.

[1] The contract is definite as to the percentage of firsts and seconds to be shipped. It was the duty of the plaintiff to ship the exact material which it sold, and if it did not do so defendant had the right to reject the goods and rescind the contract. Enterprise Manufacturing Company v. Oppenheim, 114 Md. 368, 79 A. 1007, 38 L. R. A. (N. S.) 553; 6 R. C. L. 951; Norrington v. Wright, 115 U. S. 188, 6 S. Ct. 12, 29 L. Ed. 366; Pope v. Allis, 115 U. S. 363, 6 S. Ct. 69, 29 L. Ed. 393; Cleveland Rolling Mills v. Rhodes, 121 U. S. 255, 261, 7 S. Ct. 882, 30 L. Ed. 920. Defendant says that plaintiff shipped more seconds than the contract permitted, and this gave it the right to reject the goods and rescind the contract; that the determination of the percentage of seconds shipped was for the jury, and not the court; but that the court actually determined that question, and accordingly held that it breached the contract.

[2] The defendant inspected only two bales, labeled as firsts, and found them, it alleges, to be seconds. But the plaintiff had the "privilege of shipping up to 30 per cent. in seconds." When this inspection was made, the defendant had actually received 12 bales, only 3 of which were labeled seconds. If the 2 inspected were seconds, these, with the 3 so labeled, made only 5 bales of seconds which had been received, which was not 30 per cent. of the entire order. But defendant argues that these bales, with those later received and those appropriated to the contract, but not shipped, exceeded the amount of seconds permitted by the contract. However that may be, the defendant did not know these facts when it rescinded the contract, and could not have based its action on them. It had no right to rescind the contract when it did on that ground, for

the limit of the seconds which plaintiff could ship under the contract had not been reached. In our opinion, "30 per cent." meant "30 per cent." of the entire quantity, and not "30 per cent." of any shipment. If the labels are to be accepted as true, only 3 of the 12 bales, 25 per cent., received by defendant, when the inspection was made on August 11, 1920, and the contract repudiated, were seconds. If the defendant had decided not to accept the labels as a guaranty of quality, it should have examined all the bales, and not accepted the labels on some that suited its purpose, and rejected them on others. Consequently, whether the defendant based its action in repudiating the contract on its inspection or the labels, it was not justified in so doing, and the court properly directed a verdict for plaintiff.

The jury rendered the following verdict:

"We return herewith a verdict in favor of the plaintiff, viz.:

| | | |
|---|---|---|
| 14 bales................ | $6,845.96 | |
| Less amount allowed on account of 2 bales of seconds ............. | 5.45 | |
| | | $6,840.51 |
| With interest at rate of 4 per cent. on $6,840.51 from August 20, 1920, to date. | | |
| 5 bales................ | | 983.14 |
| With interest at rate of 4 per cent. on $983.14 from October 1, 1920, to date. | | |
| 6 loss................. | | 1,155.00 |
| Frt. and storage on 19 bales ................ | | 491.41 |
| | | $9,470.06" |

In entering judgment, interest on the $6,840.51 and $983.14 was not computed and added in accordance with the verdict. After judgment was entered, the question of interest was called to the attention of the District Judge; but it was not added, and the record came before us in that condition. The record was remitted to the District Court for disposition with reference to interest. On rule to show cause why the verdict and judgment should not be corrected, he added interest to the judgment.

[3, 4] Defendant did not pay the demand when due under the contract, and in our opinion the plaintiff was entitled to interest. Harding Whitman & Co. v. York Knitting Mills (C. C.) 142 F. 228; Harris v. Mecur, 202 Pa. 318, 51 A. 971. It is not demanding 6 per cent., legal interest in Pennsylvania, but only 4 per cent., as allowed by the jury. The addition of interest required

only a simple computation by the judge, and we think that it was within his power to do this and correct the judgment. Hurst v. Webster Manufacturing Co., 128 Wis. 342, 107 N. W. 666; Clark v. Lude, 63 Hun, 363, 18 N. Y. S. 271; Peetsch v. Quinn, 7 Misc. Rep. 6, 27 N. Y. S. 323.

The judgment as corrected is affirmed.