Herman, Appellant, *v.* Pepper et al.

Argued December 7, 1934. Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*Hugh Roberts,* for appellant.

*Thomas C. Egan,* of *Wolf, Block, Schorr & Solis-Cohen,* with him *J. Claude Bedford,* for appellees.

OPINION BY MR. JUSTICE DREW, January 7, 1935:

This case is before us for the second time. On the former appeal we held (311 Pa. 104) that a deed from plaintiff to one of his copartners, the defendant John W. Pepper, was simply a mortgage and did not bar plaintiff from having the partnership dissolved. We therefore sent the case back for a dissolution of the partnership and an accounting and settlement of the partnership affairs. Such has been had, and the cause is again before us.

The decree dissolving the partnership was entered on June 13, 1933. By it the court appointed a receiver to operate the partnership property, an auditor to state an account, and two appraisers to value the property. The account showed that the partnership was hopelessly insolvent and that the apartments owned by it were encumbered far beyond their value. On May 21, 1934, a final decree was entered, confirming the auditor's report, ordering payment of the partnership debts, charging plaintiff and John W. Pepper with the amounts necessary to equalize their capital contributions with that of the remaining partner, the defendant Raymond J. Pepper, and awarding the property to the latter, subject to the outstanding mortgage indebtedness against it. From that decree plaintiff took this appeal. It appears that on August 6, 1934, the property was sold in foreclosure of the first mortgage, on which approximately $291,000 was due, and was bought in by the mortgagee, the Prudential Insurance Company, which received a sheriff's deed to the premises.

Plaintiff's first contention is that he was entitled to have the property valued as of June 7, 1928, when the deed which was later held to be a mortgage was executed. He argues that the partnership was dissolved on that date, basing this contention on the fact that the Peppers,

in their answer, set up this instrument as an absolute deed and averred that upon its execution plaintiff ceased to be a partner. If such is not true, he contends, the dissolution took place on January 24, 1931, when they first openly took the position that he was no longer a partner because he had executed the instrument of June 7, 1928. Neither contention can be supported. The bill was framed upon the theory that plaintiff was still a partner and prayed that the partnership might be dissolved by the court. This relief was refused, but on appeal we held that this was error and that plaintiff was entitled, under section 32 of the Uniform Partnership Act of March 26, 1915, P. L. 18, to a judicial dissolution of the partnership, and sent the cause back for a dissolution as prayed for. The court below thereupon entered a decree dissolving the partnership. It is obvious, therefore, and we so hold, that the dissolution took place on June 13, 1933, when that decree was entered. The appraisers were appointed in the same decree, and reported that the value of the property was $266,800, which fixed its value as of the date of dissolution.

This holding disposes of the other contentions of plaintiff which are founded on the same error as to the date when dissolution took place. It leaves for consideration several complaints which are not so based. The first of these is to the action of the court below in awarding the property of the partnership to Raymond J. Pepper. Whether that action was right or not, the question is now entirely moot, as the property has been sold to the first mortgagee on foreclosure and neither the partnership nor any of the partners has any further right, title or interest in it.

When the receiver took charge he retained Raymond J. Pepper to manage the apartments. The allowance of compensation to Pepper for his services in this connection is the next item of complaint. It may be conceded that a partner is generally not entitled to compensation for services performed in the liquidation of the partner-

ship. However, we stated in Bracht v. Connell, 313 Pa. 397, that "The broad proposition that a partner is not entitled to compensation for services in performing partnership matters or in winding up its affairs does not extend beyond those duties," and that it does not apply where the former partner expends time, skill and labor in carrying on the business in an effort to make a profit for the benefit of the former partnership. In the instant case Raymond Pepper was retained as an employee of the receiver in the management of the business pending liquidation, and his services were performed as such employee, not as a liquidating partner. A similar situation was present in Efner v. Reynolds, 109 Neb. 275, in which it was held that compensation should be allowed. We think the action of the court below in allowing compensation to Raymond Pepper was entirely proper.

Plaintiff states his final question as follows: "Where deeds of conveyance in escrow constitute collateral for a loan and are declared by the Supreme Court to be a mortgage, can foreclosure of said mortgage be had without statutory proceedings?" The matter complained of under this question is the entry by the court below of a decree against plaintiff in favor of John W. Pepper for the amount of the loan secured by the mortgage of June 7, 1928, with interest. This was in no sense a foreclosure of the mortgage, but was simply a money decree for the debt secured by it.

We have examined all the assignments of error and are unable to find merit in any of them. The decree of the court below must therefore be affirmed.

Decree affirmed at the cost of appellant.