Scheckter et al. *v.* Rubin (et al., Appellant).

Argued January 10, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*David Berger,* with him *Joseph E. Gold* and *Thomas D. McBride,* for appellant.

*W. Howard Dilks, Jr.,* with him *Murdoch, Paxson, Kalish & Dilworth,* for Receiver, appellee.

*Marshall A. Coyne,* for I. Jerome Scheckter, appellee.

OPINION BY MR. JUSTICE HORACE STERN, January 28, 1947:

David A. Rubin and I. Jerome Scheckter, tax accountants, entered into an agreement of partnership on January 3, 1940, their business being conducted under

the name of Associate Tax Consultants. Because of bitter dissensions the partnership was dissolved and a receiver appointed by decree of the court on May 16, 1941; (see *Rubin v. Scheckter*, 345 Pa. 56, 26 A. 2d 443; *Scheckter v. Rubin*, 349 Pa. 102, 36 A. 2d 315). In the proceedings for confirmation of the receiver's third and partial account, for distribution, and for audit of creditors' claims, Clara O. Rubin, wife of David A. Rubin, presented a claim for reimbursement in the sum of $4,568.95 for moneys advanced by her to pay salaries of employes of Associate Tax Consultants during the period from May 31 to August 9, 1941. In support of this claim she presented testimony to the effect that sometime in the beginning of the year 1941 a conference was held in the court's chambers between counsel for the parties in interest at which Judge ALESSANDRONI pointed out that apparently each of the litigants was trying to gain the business of the partnership clients for his individual benefit, that thereby the good will of the partnership was being destroyed, that no matter which of the parties was initially successful an appeal would undoubtedly be taken to the Supreme Court, and that the nature of the business was such that its clients would require day by day servicing during the period in which this protracted litigation would be proceeding. Accordingly, after discussion, it was agreed between counsel that Rubin was to continue the operation of the business of Associate Tax Consultants for the mutual benefit of the parties (that is, if it should be decided, as finally it was decided, that, contrary to Rubin's contention, a partnership had existed between them) ; the expenses were to be paid out of the receipts but Rubin was not to take any salary. Rubin continued to conduct the business under this arrangement, the receiver not filing his bond and assuming charge of the partnership affairs until September 29, 1941. In May, 1941, Rubin became ill and the financial administration of the business was handled

during his absence by a Miss Hahn, an employe of Associate Tax Consultants acting as Rubin's secretary. From May 31 to August 9, 1941, Clara O. Rubin advanced money to Miss Hahn for the payment of the current salaries of some thirteen employes who were working for Associate Tax Consultants on the cases of partnership clients, and the money, amounting to $4,568.95, was devoted to that purpose. Rubin ultimately paid to the receiver the sum of $12,000 representing receipts of the business, less expenses, collected during the period in which he was conducting it; unfinished partnership cases were also turned over to the receiver.

Both the receiver and counsel for Scheckter admitted that if the funds which Clara O. Rubin advanced were used for the benefit of the partnership she was justly and properly entitled to reimbursement out of the receivership assets. They contended, however, that during the time in question Rubin was not operating the business for the benefit of the partnership but on his own account, and that, in the end, he failed adequately to account to the receiver for a large portion of the receipts. While not admitting claimant's testimony as to the agreement concerning Rubin's administration of the partnership business they offered no witnesses to contradict it. Nevertheless the auditing judge disallowed the claim on the ground that there was "no substantial evidence showing that any of the work performed by those to whom the salaries and expenses were paid out of the funds advanced by Clara O. Rubin, [was] reflected in the business, money or records of the clients of the partnership as turned over to the Receiver, excepting the sum of $12,000.00 in cash."

Claimant's appeal must be sustained. The testimony as to the agreement entered into in Judge ALESSANDRONI'S chambers was given by a reputable and creditable member of the bar, and the learned auditing judge did not base his decision upon any *disbelief* of that, or any other,

testimony offered on behalf of claimant, none of which was subjected to attack; the court was of opinion that the evidence was *insufficient* to support the claim. We cannot agree with that conclusion for, as already stated, there was testimony to the effect that it was agreed between the parties that, if it should ultimately be decided that a partnership existed, Rubin's operation of the business pending the duration of the litigation was to be on behalf of that partnership and to be accounted for accordingly, that Rubin did continue to operate the business during that period under the partnership name and in the same offices in which the partnership had previously been conducted, and that claimant advanced money for the operation of this business from May 31 to August 9, 1941. Even in the absence of such an agreement, since Rubin assumed possession and control of the partnership effects and continued to conduct the business under the partnership name, in the partnership offices, and with partnership clients, he could not have been heard to deny, if and when called by the receiver to an accounting, that he had placed himself in the position of an acting interim receiver, managing or liquidating partner, and he could not have successfully asserted that during that period the business belonged to him individually. Rubin, in fact, *was* called upon to make such an accounting, and he did turn over receipts, less alleged expenses; if, as contended by appellee, he may not have accounted *adequately* for all that was due from him, that, nevertheless, could not impair claimant's rights, it being admitted, as previously stated, that she is entitled to reimbursement if Rubin's operation was on behalf of the partnership.

The order of the court, so far as the claim of Clara O. Rubin is concerned, is reversed, and the record is remanded with direction to allow the claim; costs to be paid out of the assets in the hands of the receiver.