## Scheckter et al. v. Rubin et al.

*H. I. Koplin* and *M. A. Foley*, for plaintiffs.
*Illoway & Fisher* and *R. C. Cooney*, for defendants.

SMITH, P. J., August 5, 1947.—This matter comes before the court on a rule to show cause why interest should not be paid to Clara O. Rubin upon funds advanced by her to Associate Tax Consultants subsequent to the appointment of Charles S. Rockey, receiver of the said company, but prior to the date he undertook his duties as receiver.

The said sums of money advanced by petitioner to pay the salaries of the employes of Associate Tax Consultants on the following dates and in the following amounts, are as follows:

| | |
|---|---|
| May 31, 1941 | $635.00 |
| June 7, 1941 | 660.00 |
| June 13, 1941 | 635.00 |
| June 21, 1941 | 669.44 |
| June 28, 1941 | 600.00 |
| July 5, 1941 | 635,00 |
| Aug. 9, 1941 | 734.51 |
| | $4,568.95 |

At the time Clara O. Rubin made these advancements of funds to pay the salaries of employes of Associate Tax Consultants, her husband, David A. Rubin, still contended that Associate Tax Consultants was his sole business and not that of a partnership. This court handed down an opinion that the said business was that of a partnership and appointed a receiver. Upon appeal, the Supreme Court affirmed the opinion of this court in Scheckter et al. v. Rubin et al., 345 Pa. 56. A petition was then filed by Clara O. Rubin against the receiver for the monies advanced by her to pay the said salaries of employes. This court decided that when Clara O. Rubin made the said advancements to pay salaries, she was doing so not to give aid to a partnership which her husband denied, but to help hold the business together until her husband succeeded in his contention that it was his sole business. The Supreme Court upon appeal decided that we were in error and that the said monies so advanced by Clara O. Rubin were to the partnership: Scheckter et al. v. Rubin et al., 355 Pa. 633. The receiver on March 18, 1947, paid to said petitioner, Clara O. Rubin, the principal sum in accordance with the opinion of the Supreme Court, but without interest. This sum was received by her "without prejudice". She now demands interest on the said sum from the dates of the said advancements to the date of the payment of the principal sum.

It is the contention of the receiver that since petitioner lived with David A. Rubin, her husband, at the time she made the advancements without any stipulation as to its terms, the case is ruled by Hamill's Appeal, 88 Pa. 363. With this contention we cannot agree. If the loans had been made for the sole benefit of her husband, we do not believe she would have been entitled to interest, but we see no sense in jousting with windmills. The Supreme Court has fixed her status. If she advanced the monies to the partnership, she is entitled to interest on the loans from the

time of the advancements. See Sims v. Willing, 8 S. & R. 103; Harris v. Mercur, 202 Pa. 318, and Huey v. Christ, 232 Pa. 131. The receivership is solvent. It is a well settled rule that when a receiver's estate is solvent, each creditor is entitled to interest as though the debtor was paying his debts: Glen on Liquidation, pp. 691, 692; McKay v. Black, 36 L. I. 471, 14 Phila. 635.

### Order

And now, to wit, August 5, 1947, the rule of petitioner is made absolute and interest is to be computed from the dates when said advancements were made to the date of the payment by the receiver of the principal sum.