Scheckter et al. v. Rubin, Appellant, et al.

Argued May 25, 1949. Before MAXEY, C. J., LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*David Berger,* with him *Joseph E. Gold* and *Thomas D. McBride,* for appellant.

*W. Howard Dilks, Jr.* and *Marshall A. Coyne,* with them *C. Leo Sutton* and *Paxson, Kalish, Dilworth & Green,* for appellees.

PER CURIAM, June 24, 1949:

This appeal, which is without merit, is from an order dismissing exceptions to the fourth and partial account of the receiver of a partnership that had been engaged in tax accounting. The litigation began in 1940 by cross bills filed against each other by two of the partners. Various phases of the litigation are reported in *Rubin v. Scheckter et al.,* 345 Pa. 56, 26 A. 2d 443 (1942); *Scheckter v. Rubin,* 349 Pa. 102, 36 A. 2d 467 (1944) and *Scheckter et al. v. Rubin et al.,* 355 Pa. 633, 50 A. 2d 668 (1947).

In 1946 the parties agreed to submit their differences to arbitration by the following agreement:

"1. There is pending litigation under Receivership as of the above court, term and number which will dispose of the pending claims before it.

"2. The parties hereto have agreed, for the purpose of ending all other litigation in the above matter, to submit to arbitration the following:

(a) All claims of Leon Meltzer, Esq., including any setoff or counterclaims. The Arbitrator shall fix the amount of fees due Mr. Meltzer.

(b) Disposition of all pending cases in Mr. Meltzer's hands.

(c) What share of money David Rubin owes, if any, to the partnership.

(d) What share of money I. Jerome Scheckter, Esq., owes, if any, to the partnership.

(e) What money Eugene C. Fish owes, if any, to the partnership.

(f) What claims have any other partners who may appear, or any money owing by them to the partnership.

(g) The rights of all parties hereto shall remain in status quo unless changed by the arbitrator.

(h) It is agreed by all of the parties hereto that all rulings and decisions and findings by the arbitrator, either based upon facts, law or mixed questions, shall be final and binding upon all of the parties hereto, without recourse, objections, appeals or any other form that might be used to modify or reverse any of the findings and decisions of the arbitrator.

(i) The above enumeration is not intended to exclude any other matters pertaining hereto which are proper for the consideration of the arbitrator.

(j) All parties hereto agree to be legally bound to execute the decision of the arbitrator as though it were the judgment of the court."

They agreed on an arbitrator who heard the case and made a report which binds them if the arbitrator acted within the submission.

The appellant, Rubin, now presents four assignments of error: He complains that the court dismissed an exception to the action of the receiver in executing the award of the arbitrator before it was approved by the court. This appears to be a complaint that the receiver paid Meltzer an amount awarded to him. As the agreement bound Rubin to submit, he cannot be heard to complain that the amount awarded was paid promptly.

The second and third assignments complain that the arbitrator exceeded his jurisdiction. An arbitrator must of course keep within the agreement: see *Goldstein et al. v. International Ladies' Garment Workers' Union et al.*, 328 Pa. 385, 389, 196 A. 43 (1938). Assuming that such a complaint can be made at this stage, we have examined the brief in support of these assignments but can find no support for the contention.

The fourth and last assignment is to the confirmation of the receiver's account. We find nothing in appellant's argument supporting the contention the court should not have confirmed the account. The parties agreed to a common law arbitration. Rubin will not be heard to complain that in ascertaining the amount due Meltzer, the arbitrator took October 26, 1940, as the convenient date from which to figure the obligation due Meltzer, because it was on that date that Rubin required two of his partners to leave the office maintained by the firm. That conclusion by the arbitrator is not a holding that October 26, 1940, was the date of the legal dissolution and not May 16, 1941, as was held in *Scheckter et al. v. Rubin et al.*, 349 Pa. 102, 36 A. 2d 467 (1944).

Decree affirmed at appellant's costs.