## Higgins Estate

*McManus, Kenney & McCormick,* for accountant.
*McGinnis, Bader & Coughlin,* for exceptant.

FLOOD, J., July 12, 1949.—The only question raised in the exceptions is whether or not the accountant as the executor of the estate of a surviving partner is entitled to five-percent commission on the gross estate for liquidating the partnership.

At common law in Pennsylvania a liquidating partner was entitled to compensation only for extraordinary services performed, and was not entitled to any compensation for the ordinary work involved in liquidating the partnership. Under the Uniform Partnership Act of March 26, 1915, P. L. 18, sec. 18(*f*), 59 PS §51, the liquidating partner is entitled to "reasonable compensation for his services in winding up the partnership affairs".

As we see the facts in this case there were no extraordinary services involved of the kind mentioned by the courts in such cases that allowed compensation for extraordinary services. The cases indicate that the phrase "extraordinary services" means carrying on the business temporarily in addition to liquidating

it. There was no such activity here. Therefore, if the common-law rule prevails, the accountant is not entitled to a commission. On the other hand if the liquidating trustee is to be paid a reasonable compensation the five percent of the gross charged here is reasonable under all of the circumstances. Therefore, the sole question is whether or not the Partnership Act means what it seems to say with relation to the reasonable compensation to which the liquidating partner is entitled or whether the common-law rule still is in effect.

There are statements in some of our Supreme Court cases since the passage of the act which indicate that the common-law rule is still in effect: Leary v. Kelley, 277 Pa. 217 (1923); Eisenlohr's Estate (no. 1), 258 Pa. 431 (1917); Bracht v. Connell et al., 313 Pa. 397 (1933); and Herman v. Pepper et al., 317 Pa. 349 (1935). In the two later cases compensation was allowed for extraordinary services performed. In none of them does the quoted clause in the Partnership Act seem to have been considered. On the other hand we have the direct statement in the case of Murdock et al. v. Murdock et al., 300 Pa. 280 (1930) to the effect that "though partners, in the absence of special agreement, receive no compensation, yet 'a surviving partner is entitled to reasonable compensation for his services in winding up the partnership affairs'". A study of these cases indicates to us that they do not require us to hold that the proviso as to reasonable compensation in the Uniform Partnership Act is to be nullified, whereas the Murdock case has stated that it is to be applied. Therefore, in our opinion, the accountant is entitled to the reasonable compensation which he asks for.

The exceptions are dismissed.