Kirby *v.* Kalbacher, Appellant.

104

Submitted November 25, 1952. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Maxwell L. Davis* and *J. Sidney Hoffman,* for appellant, submitted a brief.

*Samson B. Bernstein,* for appellee, submitted a brief.

OPINION PER CURIAM, March 23, 1953:

A review of the record reveals no error in the Chancellor's Adjudication Sur Account save the item covered by Defendant's Exception No. 2 which refers to the "Court's failure to deduct from the gross profits of the partnership the uncollectible accounts receivable." In its final Opinion the learned lower court accepted the correctness of this Exception to the extent of permitting one-half of $363.60, representing the accounts receivable which had become uncollectible prior to the date of dissolution, to be deducted from

the amount to be paid plaintiff by defendant, thus reducing this amount from $3,071.50 to $2,889.70. We agree that this was in accordance with the facts and the law applicable thereto.

We also agree that defendant was not entitled to any compensation for services in operating the partnership business after plaintiff withdrew from active participation. Generally speaking, a partner is not entitled to compensation for services in performing partnership matters or in winding up its affairs. A right to compensation arises only where the services rendered extend beyond normal partnership functions: *Bracht v. Connell,* 313 Pa. 397, 404, 170 A. 297, 300; *Herman v. Pepper,* 317 Pa. 349, 352, 176 A. 201, 202. The facts of this case quite clearly demonstrate that the services in question were only those necessary to the successful operation of an existing partnership, and therefore no compensation for the performance of such services could properly be claimed.

The final decree, therefore, is affirmed on the Opinion and Order filed by the court en banc.

Decree affirmed. Costs to be paid by Appellant.