## Schmidt v. Faiella

*Eugene R. Campbell,* for plaintiffs.
*Stuart R. Lundy,* for defendant.

BUCKINGHAM, *J.,* June 17, 1977 — This case involves an appeal from the sheriff's determination that certain personalty upon which levy had been made pursuant to a judgment in the above case was

jointly owned by defendant and his wife and was not the sole property of defendant. Defendant has filed a motion for summary judgment on the ground that the case is rendered moot because of a prior levy on the same personalty held by a third party.

The other levy stems from a case captioned to January term, 1975, no. 2293. Judgment was entered in that case for $41,430 against both defendant, Michael Faiella, and his wife, Barbara Faiella. The original judgment creditor in that case was Commonwealth National Bank. On April 23, 1975, the bank assigned its judgment to Horace E. Smith, Horace Keesey, III, W. F. O. Rosenmiller, II, Jack M. L. Joslin and Jacob A. Barnhart. They then filed a writ of execution and levy was made by the sheriff on the personalty in defendant's home on May 1, 1975. The scheduled sheriff's sale was, however, never held because of a petition to open the judgment filed by defendant and his wife on May 14, 1975, and the accompanying rule granted by Judge Erb staying the execution process. This levy was never extinguished or destroyed.

Meanwhile, judgment was entered in the within case, January term, 1975, no. 1074, against defendant alone on February 5, 1975. On February 23, 1976, this judgment was assigned to the above plaintiffs. On August 27, 1976, plaintiffs filed a writ of execution and levy was made on the same personalty as in the other case. On August 30, 1976, defendant's wife, Barbara Faiella, filed her claim alleging that this property was jointly owned.

On September 1, 1976, the assignees in the other case, no. 2293, January term, 1975, assigned their judgment to Charlotte Stock but did not specifically assign the levy. Defendant claims that Charlotte Stock purchased the personalty in question pur-

suant to the levy of May 1, 1975, for $20,000. Defendant in the within case has moved for summary judgment on these facts. There are two issues involved.

(1) When Charlotte Stock took an assignment of the judgment in January term, 1975, no. 2293, did the assignment carry with it the benefit of the levy made thereon?

(2) If so, is the within case, January term, 1975, no. 1074, rendered moot thereby because of the priority of the levy in the other case?

The general rule seems to be that where an assignment is made, it passes all rights and remedies which the assignor had or would have had to enforce the rights assigned, unless there is an intention manifested to the contrary: 6A C.J.S. §77, 721; 6 Am. Jur. 2d., Assignments, §119 (1963). It would appear Pennsylvania follows the general rule. See Marsh v. Bowen, 335 Pa. 314, 6 A. 2d 683 (1939), where the court held that an assignee of a mortgage takes all the rights of his assignor and is subject to the equities against him.

In the present situation, when Charlotte Stock received the assignment of the judgment, there was nothing in the assignment to indicate that she should not have the benefit of the levy made thereon. Although process on this levy had been stayed by Judge Erb pending the disposition of defendants' petition to open the judgment, this petition has never been pursued and may be considered to be abandoned. We, therefore, hold that the levy in January term, 1975, no. 2293, case was still in effect at the time of the levy in the present case, January term, 1975, no. 1074. Given this, we conclude that Charlotte Stock's levy has priority over the levy in the present case.

This being so, is the appeal in present case,

January term, 1975, no. 1074, rendered moot? We believe so. Herman v. Pepper et al., 317 Pa. 349, 176 Atl. 201 (1935), is an example of when the courts have applied the doctrine of mootness. In that case, a decree had been entered dissolving a partnership on June 13, 1933. On May 21, 1934, a final decree charged plaintiff and John W. Pepper with the amount necessary to equalize their capital contributions with that of the remaining partner, defendant, Raymond J. Pepper, and awarding certain property to the latter. This property was however indebted beyond its value and its foreclosure sale price was less then its indebtedness. Under these circumstances, the court held that the issue of whether Raymond J. Pepper should have been awarded the property was a moot issue.

In the case at bar, the issue of whether the personalty in question is owned jointly by defendant and his wife or solely by defendant is similarly a moot issue. If the property is jointly held, only Charlotte Stock could enforce her levy as the judgment that she obtained in the January term, 1975, no. 2293, case was against both defendant and his wife. On the other hand, if the property is deemed to be owned solely by defendant, Charlotte Stock's lien would also be superior to that of the judgment creditors here since her levy was prior in time to theirs. Since her lien is on a judgment against both defendant and his wife, she can levy against property held by them jointly or singly.

The judgment creditors here contend that defendant has no standing to raise the priority of Charlotte Stock's levy. Since they have cited no authority for this proposition, we are not persuaded. In view of the foregoing, we shall enter an order granting defendant's motion for summary judgment.

## ORDER

And now, June 17, 1977, the motion of defendant for summary judgment against plaintiffs is hereby granted. A hearing in the case on plaintiffs' appeal from the sheriff's determination of title, set for Thursday, July 28, 1977, at 9:30 o'clock in the morning, is hereby cancelled. An exception is granted to plaintiffs.